## Case No. 15,464.

UNITED STATES ex rel. MICHELS v. JAMES.

[13 Blatchf. 207; 7 Law & Eq. Rep. 16; 8 Chi. Leg. News, 111.] [1]

Circuit Court, S. D. New York. Dec. 6, 1875.

CONSTITUTIONAL LAW — CONGRESS — BILLS FOR RAISING REVENUE—POST-OFFICE LAWS.

1. A clause of the act of March 3. 1875 (18 Stat. 377), increasing the rate of postage on certain mail matter, is not unconstitutional, although it originated in the senate and was not an

amendment to a bill for raising revenue, originating in the house of representatives, because it is not a bill for raising revenue, within the meaning of article 1, § 7, subd. 1, of the constitution, which provides that "all bills for raising revenue shall originate in the house of representatives, but the senate may propose or concur with amendments, as on other bills."

2. A bill establishing rates of postage is not a bill for raising revenue, within the meaning of the constitution.

3. Post office laws may be revenue laws without being laws for raising revenue.

[This was an application by Oran C. Michels for a writ of mandamus to be directed to Thomas L. James, postmaster of the city of New York.]

John W. Weed, for relator.

Henry E. Tremain, Asst. U. S. Dist. Atty.

JOHNSON, Circuit Judge. The question upon the merits presented in this case is, whether a clause of the act of congress, approved March 3, 1875 (18 Stat. 377), entitled, "An act making appropriations for sundry civil expenses of the government for the fiscal year ending June 30th, 1876, and for other purposes," is or is not constitutional. The clause referred to increases the rate of postage upon third-class matter from one cent for two ounces to one cent an ounce. The ground of fact on which it is claimed that this clause was not constitutionally enacted is, that the clause originated in the senate, was not an amendment to a bill for raising revenue, originating in the house of representatives. The provision of the constitution, which is claimed to render invalid the clause in question, is this: "All bills for raising revenue shall originate in the house of representatives, but the senate may propose or concur with amendments, as on other bills." Const. art. 1, § 7, subd. 1.

Certain legislative measures are unmistakably bills for raising revenue. These impose taxes upon the people, either directly or indirectly, or lay duties, imposts or excises, for the use of the government, and give to the persons from whom the money is exacted no equivalent in return, unless in the enjoyment, in common with the rest of the citizens of the benefit of good government. It is this feature which characterizes bills for raising revenue. They draw money from the citizen; they give no direct equivalent in return. In respect to such bills it was reasonable that the immediate representatives of the taxpayers should alone have the power to originate them. Their immediate responsibility to their constituents, and their jealous regard for the pecuniary interests of the people, it was supposed, would render them especially watchful in the protection of those whom they represented. But the reason fails in respect to bills of a different class. A bill regulating postal rates for postal service, provides an equivalent for the money which the citizen may choose voluntarily to pay. He gets the fixed service for the fixed rate, or

he lets it alone, as he pleases and as his own interests dictate. Revenue, beyond its cost, may or may not be derived from the service and the pay received for it, but it is only a very strained construction which would regard a bill establishing rates of postage as a bill for raising revenue, within the meaning of the constitution. This broad distinction existing in fact between the two kinds of bills, it is obviously a just construction to confine the terms of the constitution to the case which they plainly designate. To strain those terms beyond their primary and obvious meaning, and thus to introduce a precedent for that sort of construction, would work a great public mischief. Mr. Justice Story, in his Commentaries on the Constitution (section 880), puts the same construction upon the language in question, and gives his reasons for the views he sustains, which are able and convincing. In Tucker's Blackstone only, so far as authorities have been referred to, is found the opinion that a bill for establishing the post office operates as a revenue law. But this opinion, although put forth at an early day, has never obtained any general approval; but both legislative practice and general consent have concurred in the other view.

Another question has arisen, which has some similarity with that under discussion, and which, unless adverted to, might give rise to misapprehension. Thus, in U. S. v. Bromley, 12 How. [53 U. S.] 88, the question was, whether an act of congress which gave a writ of error in any civil action brought by the United States for the enforcement of the revenue laws of the United States, embraced within its meaning an act to reduce rates of postage and to prevent frauds on the revenue of the post office department. It was held, that the latter act was, within the meaning of the former, a revenue law of the United States, and that the writ of error could be sustained. The court says: "Revenue is the income of a state, and the revenue of the post office department, being raised by a tax on mailable matter conveyed in the mail, and which is disbursed in the public service, is as much a part of the income of the government as moneys collected for duties on imports." All this may be conceded, without involving the conclusion that such a law is an act for raising revenue.

The case of Warner v. Fowler [Case No. 17,182], though involving other statutes, was put substantially upon the same ground as the preceding case. It was an action against a postmaster for not delivering certain letters. The defendant claimed that, in detaining them, he acted under the laws in relation to the post office department, and that he was entitled to have the suit removed to the United States circuit court, under the statute, as being for an act done under the revenue laws of the United States. This claim was sustained by Judge Ingersoll, holding the circuit court in this district. The de-

cision was, in my opinion, correct, upon the ground that, while the post office laws are revenue laws, within the meaning of the statutes cited, they are not laws for raising revenue, within the provision of the constitution.

The motion for a mandamus should be denied.