## COMMONWEALTH *vs.* LILY WHITTAKER.

Suffolk.   Nov. 22, 1880. — April 25, 1881.   LORD, FIELD & DEVENS, JJ.,
                                absent.

At the trial of an indictment on the Gen. Sts. *c.* 165, § 2, for enticing a woman of
chaste life and conversation to a house of ill fame for purposes of prostitution,
the burden is on the government to prove the chastity of the woman; and a
ruling that, "in the absence of evidence to the contrary, it is a presumption
of law that she was of chaste life and conversation," is erroneous.

ENDICOTT, J.   This is an indictment under the Gen. Sts.
*c.* 165, § 2; and it is charged therein that the two women en-
ticed by the defendant to a house of ill fame for purposes of
prostitution were of chaste life and conversation.   The presiding
judge instructed the jury that it was incumbent upon the gov-
ernment to prove upon all the evidence that the women were of
chaste life and conversation; but he added that, " in the absence
of evidence to the contrary, it is a presumption of law that they
were of chaste life and conversation."   This instruction per-
mitted the jury to find, that the burden upon the government
was satisfied by the legal presumption that the women were
chaste, although the government had introduced no affirmative
evidence of their chastity.

The gist of the offence is in fraudulently enticing to a house
of ill fame for purposes of prostitution any unmarried woman of
chaste life and conversation.   If these women were of unchaste
life and conversation, no offence was committed within the
meaning of the statute.   Their chastity must therefore be estab-
lished, as laid in the indictment, by affirmative proof.   The
defendant is presumed to be innocent until every material alle-
gation necessary to constitute the offence charged is proved
beyond a reasonable doubt.   To allow the proof of such an alle-
gation to rest merely on the legal presumption that the women
were chaste, would be to permit the presumption in favor of
the defendant's innocence of the offence charged to be over-
borne by another legal presumption in favor of the innocence
of other persons not parties to this proceeding.   We are there-
fore of opinion that the ruling was erroneous, and that, under
this statute, the chastity of the women must be proved by the

government in the same manner as any other material allega
tion in the indictment. *West* v. *State*, 1 Wis. 209. *People* v.
*Roderigas*, 49 Cal. 9. *Kenyon* v. *People*, 26 N. Y. 203. *Safford*
v. *People*, 1 Parker (N. Y.) 474. *Carpenter* v. *People*, 8 Barb.
603. 1 Greenl. Ev. § 35. Whart. Crim. Law (8th ed.) § 1757.
Bish. Stat. Cr. § 639.                         *Exceptions sustained.*

*H. E. Swasey & G. R. Swasey*, for the defendant.

*F. H. Gillett*, Assistant Attorney General, (*G. Marston*, At-
torney General, with him,) for the Commonwealth.