WILHITE *v.* STATE.

Opinion delivered July 8, 1907.

1. SEDUCTION—CHASTITY—BURDEN OF PROOF.—In a prosecution for seduction it is unnecessary for the State, in order to make out a case, to prove the previous chastity of the prosecutrix, though it was alleged in the indictment. (Page 69.)

2. SAME—CORROBORATION.—Where the defendant admits the promise of marriage and the sexual intercourse, no other corroboration of the prosecutrix is required under Kirby's Digest, § 2043. (Page 70.)

3. INSTRUCTIONS—ISSUES.—It is the duty of the trial court to instruct the jury upon the law governing the matters in issue, and to eliminate all matters which have been admitted and which are established beyond dispute, thus drawing the attention of the jury to the real issue of the case. (Page 70.)

4. SAME—BURDEN OF PROOF AS TO CHASTITY.—Although the burden is on the defendant, in a seduction case, to prove the unchastity of the prosecutrix by a preponderance of the evidence, yet, **if upon the whole** case there is a reasonable doubt of defendant's guilt, he is entitled to the benefit of such doubt. (Page 71.)

5. SEDUCTION—EVIDENCE.—Where, on a trial for seduction, accused admitted the promise of marriage and the sexual intercourse with the prosecutrix, and relied upon the defense that the prosecutrix was unchaste, it was not error to exclude a letter from her to him, written after she had surrendered her virtue to him, which indicated that her thoughts were bent upon sexual intercourse with him (Page 71.)

Appeal from Polk Circuit Court; *James S. Steel,* Judge; affirmed.

*Hal L. Norwood, Pole McPhetrige* and *Vaughan & Vaughan,* for appellant.

1. Having alleged that the prosecuting witness "was of previous chaste character," it devolved upon the State to prove it. 1 Bishop, Crim. Proc.; 2 Ed. § § 127-8. This allegation can not be rejected as surplusage. *Id.* § § 482, 485-6. See also 9 Ark. 193; 10 Ark. 259; 22 Ark. 251; 30 Ark. 131; 36 Ark. 168; 62 Ark. 459; 66 Ark. 120; 17 S. W. 725; Roscoe's Crim. Ev. 101-2; 3 Sumner, 12; 15 Me. 476; 30 Me. 29; 67 Me. 567; 19 N. H. 133; 34 N. H. 529; 11 Mass. 93; 20 Pick. 356; 126 Mass. 46.

2. The court erred in refusing to give instruction No. 1 requested by defendant. 71 Ark. 399.

3. It was error to charge the jury that, "the defendant having admitted the promise of marriage and the intercourse, no other corroberation of the prosecuting witness was necessary to establish these facts." Elliott on Ev. 3150; 132 Ind. 219. It was improper for the court to charge the jury upon the facts at all, and especially improper to single out any particular facts. 73 Ark. 569; *Id.* 148; 55 Ark. 247; 58 Ark. 108; 74 Ark. 563; 75 Ark. 76; 49 Ark. 439; 37 Ark 333; 51 Ark. 155.

4. It was error to exclude the letter of 8-12-03. Both letters should have been shown to the jury, not only to enable them to determine whether prosecutrix had written them, but also to throw light on the question of her chastity. 65 Ark. 476; 32 Ark. 337; 88 S. W. 242; 1 Thompson, Trials, § 1135, notes 3 and 4; 45 Mo. 302; 1 Greenleaf, Ev. § 578. It was additional error to exclude the testimony of expert witnesses to the effect that both letters were written by the same person.

*Wm. F. Kirby,* Attorney General, and *Dan'l Taylor,* for appellee.

1. In case of seduction it is not necessary to allege the previous chaste character of the prosecutrix; and if the indictment does so allege, it throws no burden on the State to prove it. Such allegation is mere surplusage, and the burden remains with the defendant, if he pleads her previous unchastity as a defense.

to prove it. 73 Ark. 139; 25 Am. & Eng. Enc. of L. 240; 77 Ark. 23; 40 Ark. 482; 73 Ala. 527; 48 Ia. 671; 27 Mich. 134; 1 Parker, Cr. Rep. 453; 10 Enc. Pl. & Pr. 530; 18 Ark. 540; 10 Ark. 318; 36 Ark. 74.

2. The court properly charged the jury on the question of corroboration. 77 Ark. 23; *Id.* 468; *Id.* 16.

3. The letter of 8-12-03 was properly excluded, except for the purpose of comparison with the letter of later date which prosecutrix had denied writing. It was admitted for the purpose, but it was immaterial to the issue, and could not, therefore, be proved and then used to impeach her chastity.

4. The first instruction requested by appellant was properly refused. 25 Am. & Eng. Enc. of L. 233; 40 Ark. 482; 73 Ala. 527; 18 Ia. 372; 78 *Id.* 494; 33 Mich. 112; 4 Minn. 325; Bishop, Stat. Cr. § 639.

5. The court's instruction with reference to the defendant's right to testify, etc., has met the sanction of this court. 62 Ark. 543; 61 Ark. 102; 58 Ark. 362. Besides, if the defendant desired a general charge as to credibility of witness, he should have asked for it, and, in the absence of such request, a failure to charge thereon was not error. 75 Ark. 373; 77 Ark. 455.

HILL, C. J. Pool Wilhite was indicted for seduction, and was convicted and sentenced to pay a fine of one dollar and to serve eighteen months in the penitentiary, and has appealed.

1. The indictment alleges in apt terms the seduction of Cordelia Bernard, and that she was of previous chaste character. It is admitted that it is not necessary to allege that she was of previous chaste character, yet the State, having made this allegation, it is insisted, must prove it. The necessity of allegation and proof of previous chaste character in seductions was considered in *Caldwell* v. *State,* 73 Ark. 139, and it was therein demonstrated that it is not necessary either to charge or prove that the seduced female was of previous chaste character, in order for the State to make out a case. The Code provides that "neither presumptions of law nor matters of which judicial notice is taken need be stated in an indictment." Kirby's Digest, § 2240. The fact that the prosecuting attorney has incorporated into the indictment a presumption of law does not render it necessary to prove the presumption. Chastity, like

sanity, is presumed; and it is no more necessary to allege chastity in seduction than it is to allege sanity in any indictment. In no event is it ever necessary for the State to prove either of these matters until evidence to the contrary is introduced by the defendant.

2. The defendant on the witness stand admitted the promise of marriage and the sexual intercourse with the prosecuting witness, and said that he had made the promise of marriage in good faith, and intended to fulfill it, but that he had not done so by reason of becoming convinced of the want of chastity of his affianced. The court gave this instruction: "The defendant having admitted the promise of marriage and the sexual intercourse, no other corroboration of the witness, Cordelia Bernard, is necessary to establish these facts;" and it is insisted that this is erroneous. It is the right and duty of the trial court to instruct the jury upon the law governing the matters in issue, and to eliminate all matters which have been admitted and which are established beyond dispute, thus drawing the attention of the jury to the real issue of the case. The law requires corroboration of the female as to the promise of marriage and the sexual intercourse. Kirby's Digest, § 2043; *Rucker* v. *State,* 77 Ark. 23. This is a safeguard of the defendant. If he admits essential facts which require corroboration, the reason of the rule is more than satisfied.

The only disputed matter, and hence the real and only issue of fact in this case, was the charge of the defendant that Cordelia Bernard was not of chaste character, and that he was thereby excused from fulfilling his marriage engagement with her. Hence the court was right in narrowing the case to the only issue in it.

3. The court refused to give this instruction: "You are instructed that, before you can convict the defendant, you must believe beyond a reasonable doubt that no one has ever had sexual intercourse with her before the defendant did; and if you have any doubt upon this point, you will resolve the doubt in favor of the defendant, and acquit him," but gave the following: "The prosecuting witness is presumed to have been virtuous, but this presumption can be overcome by evidence; and if the evidence introduced by the defendant raises in your minds a reasonable doubt as to whether or not the prosecuting witness was chaste and virtuous previous to the time the defendant had intercourse

with her, you will find the defendant not guilty." This covers every point in the refused instruction. For this reason there could be no error in refusing the former instruction.

However, there is an error in the former instruction which rendered it proper for the court to refuse it. The jury are therein told that, before they could convict, they must believe beyond a reasonable doubt that no one had ever had sexual intercourse with the prosecuting witness before the defendant. In *Caldwell* v. *State,* 73 Ark. 139, the court, referring to the allegation of previous chaste character, said: "And so this statute assumes that women are chaste, and imposes on the defendant charged with seduction the burden of showing to the contrary." See *Rucker* v. *State,* 77 Ark. 23. This want of chastity is purely a defensive matter, and, like other defensive matter, the burden is upon the defendant to prove it by a preponderance of the evidence. This principle places the burden of proof of the particular matter relied upon as a defense upon the defendant; but, if there is a reasonable doubt of defendant's guilt upon the whole case, then he is entitled to the benefit of that doubt. It is, therefore, not proper to instruct that the jury must be convinced beyond a reasonable doubt of the chastity of the prosecuting witness; but the requirement that it rests on the defendant to establish by a preponderance of the evidence her want of chastity before his defense is made out should be explained, and then such explanation should be qualified with the further instruction that if the evidence on this issue, taken together with the other evidence upon the other issues, leave the jury in reasonable doubt of defendant's guilt, then he is entitled to an acquittal. *Caldwell* v. *State,* 69 Ark. 322; *Rayburn* v. *State,* 69 Ark. 177; *Casat* v. *State,* 40 Ark. 523; *Bolling* v. *State,* 54 Ark. 588; *Ware* v. *State,* 59 Ark. 379; *Cogburn* v. *State,* 76 Ark. 110.

The instruction given is more favorable to the defendant than he is entitled to. It ignores the burden being upon the defendant, and only renders it necessary for a doubt to be raised by the defendant's evidence, instead of requiring the fact relied upon to be proved by a preponderance of the evidence before his defense is established. See Clark on Criminal Law, 2d Ed. pp. 68-9.

4. The court refused to allow the defendant to introduce a letter in evidence which he testified was written to him by the

prosecuting witness. She admitted writing part of the letter, but denied that certain parts of it were written by her. There was sufficient testimony of expert witnesses, familiar with handwriting, who testified that this disputed page was written by the same person who wrote the part that she admitted having written to have warranted its admission in evidence, if the letter was otherwise competent. The effect of this disputed letter would be to show that the girl was of a lascivious turn of mind, and indicated that her thought were bent upon sexual intercourse with the appellant. If this letter was written prior to appellant's having intercourse with her, clearly he would be entitled to it as evidence tending to prove his charge that she was not a woman of personal chastity at the time of her seduction. It is difficult to tell from her testimony when she surrendered her person to the appellant. She seems to have little idea of time, and her testimony is quite contradictory as to the beginning of this intercourse. But, when the testimony of the appellant is examined, it is found that he has made definite that which she has left uncertain. There is another letter which was introduced in evidence which he says he received from her, and it is dated on the 24th of March, 1904; and he says, and repeats it several times, that he had been having intercourse with her for a year before he received this letter. The disputed letter is dated the 12th of August, 1903. Therefore, she had been submitting herself to his embraces for four or five months prior to the date of the disputed letter. Having surrendered her virtue to him under a promise of marriage, and repeatedly submitted to intercourse with him for that period of time, it lies not in his mouth to say that her thoughts lasciviously inclined towards him, and that is the utmost that this letter proved. Therefore, it was not error for the court to have excluded this letter.

Other matters have been pressed in brief and in oral argument, and have been considered by the court. None of them are considered of sufficient moment to have amounted to prejudicial error.

Judgment affirmed.