7133

### STATE v. TURNER.

1. SEDUCTION—EVIDENCE CORROBORATIVE.—In order to establish the crime of seduction under 24 Stat., 937, State must prove by evidence corroborating that of prosecutrix that she was induced to have sexual intercourse with the accused by means of his deception and promise of marriage, which was not done in this case.

2. IBID.—PRESUMPTION.—Under 24 Stat., 937, in prosecution for seduction, the chastitiy of the woman is *presumed,* and the burden of showing her "lewd and unchaste" is on defendant.

Before ——, J., Lexington ——. Reversed.

Indictment for seduction against B. G. Turner. From sentence on verdict defendant appeals.

*Messrs. Nelson & Nelson, Graham & Sturkie* for appellant. *Messrs. Nelson & Nelson* cite: *Testimony of prosecutrix should be corroborated:* 25 Ency., 244, 246; 26 N. Y., 203; 4 Minn., 325; 107 N. C., 850; 23 S. E., 863; 72 Ia., 17; McLain's Cr. L., sec. 1119. *Prosecution must show chastity:* 25 Ency., 240.

*Solicitor Geo. B. Timmerman and Mr. W. W. Hawes,* contra. *The Solicitor* cites: *Burden of showing unchastity is on defendant:* 25 Ency., 193, 234; 42 A. S. R., 492.

April 9, 1909. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The defendant, B. G. Turner, was convicted of seduction by the Court of General Sessions for Lexington county. The appeal to this Court involves two inquiries: First, was there any corroboration of the testimony of the prosecutrix to warrant the submission of the case to the jury; and second, on the charge of seduction is the previous chastity of the prosecutrix a material ingredient of the crime to be established by the State?

The statute under which the defendant was indicted is as follows: "That any male person above the age of sixteen years, who shall, by any means of deception and promise of marriage, seduce any unmarried woman in this State, shall, upon conviction, be deemed guilty of a misdemeanor, and shall be fined or imprisoned at the discretion of the Court; but no conviction shall be had un-

der this section on the uncorroborated testimony of the woman upon whom the seduction is charged; and no conviction shall be had if on trial it is proved that such woman was at the time of the alleged offense, lewd and unchaste:". 24 Stat., 937.

Save for the testimony of the prosecutrix, there was no evidence whatever of "any means of deception and promise of marriage" on the part of defendant. In order to establish the crime of seduction, the State must prove beyond a reasonable doubt, with evidence corroborative of the testimony of the prosecutrix, that she was induced to have unlawful sexual intercourse with the accused by means of his deception and promise of marriage. *Kenyon* v. *People* (N. Y.), 84 Am. Dec., 181; *State* v. *McCaskey* (Mo.), 16 S. W., 511; *Harvey* v. *Territory* (Okla.), 65 Pac., 837; *McCuller* v. *State* (Tex.), 61 Am. St., 847; *Mills* v. *Com.* (Va.), 22 S. E., 863; *Ferguson* v. *State* (Miss.), 42 Am. St., 492; *Cooper* v. *State* (Ala.), 8 So., 821; *Russell* v. *State* (Neb.), 110 N. W., 380; *Willhite* v. *State* (Ark.), 104 S. W., 531; *State* v. *Raynor* (N. C.), 59 S. E., 344; *State* v. *Brown,* 65 N. J. L., 687, and others. There being no corroborative evidence on this material issue, the defendant was entitled to a direction of a verdict of acquittal.

The next exception, taken to the charge of the Circuit Judge, involves the proposition whether the chastity of the woman is presumed in the first instance, or whether it must be proved by the State as one of the ingredients of the crime. The portion of the charge excepted to is as follows: "That the defendant is bound to prove by the preponderance of the evidence that the prosecutrix was lewd and unchaste. If you have any doubt as to where the preponderance of the evidence is, then you will give the benefit of that reasonable doubt to the defendant. Understand me, that the defendant must prove by the preponderance of the evidence, not beyond a reasonable doubt, that the prosecutrix was lewd and unchaste. If you have any

doubt as to where the preponderance of the evidence is, then you will give the prisoner the benefit of that reasonable doubt." The conflict of authority as to whether in a case of seduction the chastity of the prosecutrix is to be presumed or proved by the State may be attributed in a measure to the different phrasing of the statutes of the several States, setting out the crime. In Missouri, in order to constitute seduction, the statute requires the victim to be "any unmarried woman of good repute;" and it devolves upon the prosecution to allege and prove "good repute." This is the rule in some other States where the wording of the statutes is similar. *Zabriskie* v. *State* (N. J.), 39 Am. Rep., 610; *Oliver* v. *Com.* (Pa.), 47 Am. Rep., 704; *Com.* v. *Whittaker,* 131 Mass., 224. In some States where the statute requires that the woman be "of previous chaste character" the same rule as to allegation and proof applies. *State* v. *Lockerby* (Min.), 36 Am. St., 656; *Ex parte Vandivee* (Cal.), 88 Pac., 994; *Harvey* v. *Territory* (Okla.), 65 Pac., 837. Where nothing is provided in the statute as to character, it has been laid down in some jurisdictions that previous chastity of the woman is essential to the offense and must be proved by the State. *Norton* v. *State* (Miss.), 48 Am. St., 539; *West* v. *State,* 1 Wis., 209.

The following decisions uphold the view that the chastity of the woman upon whom the seduction is charged is presumed. *Kerr* v. *U. S.,* 104 S. W., 809; *Willhite* v. *State* (Ark.), 104 S. W., 531, and *Caldwell* v. *State* (Ark.), 108 Am. St., 28; *Andre* v. *State* (Iowa), 68 Am. Dec., 708; *Mills* v. *Com.* (Va.), 22 S. E., 863; *Smith* v. *State* (Ala.), 24 *So.,* 55; *Kenyon* v. *People* (N. Y.), 84 Am. Dec., 177; *McTyler* v. *State* (Ga.), 18 S. E., 140. A close observation of our statute causes us to adopt this conclusion. It has been a settled rule of pleading in this State from early times, that in order to charge a statutory offense, every ingredient necessary to make up the crime must be alleged in the indictment and proved by the prosecution. *State* v. *Foster,* 3

McC., 442; *State* v. *O'Bannon*, 1 Bail., 144; *State* v. *Henderson*, 1 Rich., 184; *State* v. *Coleman*, 17 S. C., 473; *State* v. *Evans*, 18 S. C., 137; *State* v. *Jeter*, 47 S. C., 2, 24 S. E., 889; *State* v. *Jeffcoat*, 54 S. C., 196, 32 S. E., 208. The portion of the statute now under discussion is: "No conviction shall be had if on trial it is proved that such woman was at the time of the alleged offense lewd and unchaste." The incorporation of the clause "if on trial it is proved" shows conclusively that the General Assembly did not intend the chastity of the injured woman to be an ingredient of the offense necessary to be set up in the indictment. The exception to the charge of the trial Judge is overruled.

The judgment of this Court is, that the judgment of the Circuit Court be reversed and the cause remanded for a new trial.