9567

STATE v. FREELAND.

(91 S. E. 3.)

1. STATUTES — TITLE — CODIFIED ACTS.—The constitutional requirement that every act shall relate to but one subject, which shall be expressed in the title, does not apply to codified acts, such as the Criminal Code.

2. INDICTMENT AND INFORMATION—SUFFICIENCY OF INDICTMENT—WILFULNESS AND KNOWLEDGE.—An indictment under Cr. Code 1912, sec. 405, providing that any one in possession of cocaine or a mixture thereof, with certain exceptions, shall be guilty of a misdemeanor, need not allege that defendant wilfully and knowingly had possession of the cocaine; those words not being used in the statute.

3. POISONS—ELEMENTS OF CRIME—INTENT—STATUTE.—Cr. Code 1912, sec. 405, providing that any person found in possession of any

cocaine or compound thereof, etc., though it does not include wilfulness or knowledge as elements of the offense, must be construed in the light of the fundamental principle of common law that an evil intent must concur with the act to make it a crime.

4. POISONS—CRIMINAL PROSECUTIONS—INSTRUCTIONS—KNOWLEDGE.—In a prosecution for possessing cocaine, an instruction that defendant should be acquitted if she did not know that she had it in her possession was too favorable to defendant, since culpable ignorance of such fact would not excuse her.

5. POISONS—BURDEN OF PROOF—IGNORANCE OF FACTS.—In prosecution for unlawfully possessing cocaine contrary to Cr. Code 1912, sec. 405, the burden is on defendant to show that she was honestly ignorant of the fact that she possessed cocaine, and that her ignorance was not due to her own fault.

6. INDICTMENT AND INFORMATION—SUFFICIENCY—NEGATIVING EXCEPTIONS.—An indictment under Cr. Code 1912, sec. 405, making any person having possession of cocaine or a mixture thereof, except when the vial containing it bears the name of the physician prescribing it and of the druggist compounding it, guilty of a misdemeanor, must negative the exception, since it is included within the enacting clause.

Before MOORE, J., Greenwood, March, 1915.    Reversed.

Leah Freeland was convicted of unlawfully having cocaine in her possession, and she appeals.

*Mr. D. H. McGill,* for appellant, cites: *As to sufficiency of indictment:* 2 Hill 133; 1 N. & McC. 91; 54 S. C. 286; Crim. Code 1912, sec. 405; Const., art. III, sec. 17; 17 S. C. 462, 463.

*Mr. Solicitor Cooper,* for respondent.

December 26, 1916.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

FOOTNOTE.—As to necessity for negativing in indictment exceptions in statutes, see 9 L. R. A. 853, 855, 49 L. R. A. (N. S.) 583, 6 A. &. E. Ann. Cas. 726, 13 A. &. E. Ann. Cas. 364, A. &. E. Ann. Cas. 1913b, 135.

Defendant appeals from sentence on conviction for violation of sec. 405 of the Criminal Code, the pertinent provisions of which are :·

"Any person who shall be found in possession of any cocaine, or any person who shall be found in possession of any compound or mixture thereof, except when the bottle, box or· vessel containing said compound or mixture bears the name of the practicing physician prescribing it and the name of the druggist or pharmacist compounding or mixing it, shall be deemed guilty," etc.

The indictment alleged only that defendant did, at a time and place specified, "have and keep in possession cocaine, against the form of the statute," etc.

The appeal presents only three questions that need be considered :

1. The objection to the constitutionality of the statute on the ground that it violates the provision of the Constitution "that every act shall relate to but one subject and that shall be expressed in the title" was properly overruled, because that provision does not apply to codified acts. *Park* v. *Laurens Cotton Mills,* 75 S. C. 560, 56 S. E. 234.

2. The objection that the indictment was insufficient because it was not alleged that defendant "wilfully and knowingly" had cocaine in her possession was also properly overruled. The statute does not use those words in defining the crime, but makes the mere possession of cocaine, except in certain circumstances specified, a misdemeanor. Therefore, it was not necessary for the State to allege or prove guilty knowledge on the part of defendant. The absence of such knowledge is matter of defense, since every one may be presumed to know what he has in his possession. Bish. Stat. Crimes, sec. 358; 1 Bish. Crim. Law, secs. 302, 303, 307.

Nevertheless, the statute must be read in the light of the fundamental principle of the common law, which is of general, though, perhaps, not of universal, application, that an evil intent must concur with an act to make it a crime. Bish. Stat. Crimes, secs. 132, 231.

In accordance with this principle the Court instructed the jury that, if defendant did not know that she had cocaine in her possession, she should be acquitted. The instruction was really too favorable to defendant, in that it did not eliminate the possibility of wilful or negligent want of knowledge. If she was culpably ignorant of the fact, her ignorance would not excuse her. The burden was upon her to show that she was honestly ignorant of the facts, and that her ignorance was not due to her own fault.

3. The mere possession of cocaine, or mixtures or compounds thereof, is not made a crime under all circumstances. In the same sentence in which the possion is denounced we find this:

"Except when the bottle, box or vessel containing said compound or mixture bears the name of the practicing physician prescribing it, and the name of the druggist or pharmacist compounding or mixing it."

Now, as the possession of cocaine, or any mixture or compound, is not a crime, when the containing vessel is marked as required by the statute, an indictment which alleges merely the possession, without negativing the exception, states no offense.

The rule for pleading statutes which contain exceptions or provisos is: "If there is an exception in the enacting clause (which means here that part of the statute which creates the offense), the party pleading must show that his adversary is not within the exception; but, if there be an exception in a subsequent clause, or subsequent statute, that is matter of defense, and is to be shown by the other party." 1 Bish. Crim. Prac., sec. 375, *et seq.* The case of *State* v.

*Reynolds,* 2 Nott & McC. 365, is directly in point. There the indictment was under the statute which provides that, if any person shall play at any game with cards, etc., except whist, when there is no betting, etc., such person shall be guilty, etc., and the Court held that the indictment was insufficient, because it failed to negative the exception. In discussing the rule above stated, the Court said:

"But if they (exceptions) are contained in the enacting clause, it will be necessary to negative them, in order that the description of.the crime may, in all respects, correspond with the act."

In such cases, if the exception is not negatived, the crime is not charged substantially in the language of the act, so as to meet the requirement of section 83 of the Criminal Code. The only fact alleged (possession of cocaine) may have been true without violation of the act, if the containing vessel was marked as required by the act. Therefore, the indictment should have been quashed. See, also, *State* v. *Casados,* 1 Nott & McC. 91; *State* v. *Raines,* 3 McCord, 533; *State* v. *Thomas,* 7 Rich. 481.

Judgment reversed.