## JONES v. STATE.

### Opinion delivered December 1, 1924.

1. SEDUCTION — CORROBORATION OF PROSECUTRIX — Testimony of prosecutrix as to promise of marriage, made to her by accused, *held* sufficiently corroborated by the circumstances in proof in this case.

2. SEDUCTION—EVIDENCE.—In a prosecution for seduction it was not error to permit the prosecutrix to testify as to her preparations for the wedding.

3. SEDUCTION—EVIDENCE.—Witnesses in a seduction case may testify that defendant and the prosecutrix went to a certain city together and purchased a dress for her, but cannot testify as to her acts or declarations, relative to marriage, made in defendant's absence.

Appeal from Sharp Circuit Court, Southern District; *John C. Ashley*, Judge; affirmed.

*J. S. Utley*, Attorney General, and *John L. Carter*, Assistant, for appellee.

*Fred M. Pickens* for appellant.

McCULLOCH, C. J. The appellant is charged with the crime of seduction, committed by having sexual inter-course with a certain unmarried female, under a false or feigned express promise of marriage.

The girl alleged to have been seduced testified that she and appellant lived in the same neighborhood in Sharp County, and began keeping company in January, 1923; that they became engaged to be married, and that thereafter appellant induced her to yield to him in sexual intercourse on account of said promise of marriage. She testified that she made preparations for the wedding as the agreed date for it approached, but that appellant married another girl in August of the same year. She testified that, on one occasion while she and appellant were engaged, they went to the city of Batesville together, where she purchased a silk dress to be used as a wedding dress. The girl testified that she gave birth to a child, and that appellant was its father.

Other witnesses were introduced by the State, members of the girl's family, and friends, who testified that appellant kept company with the girl from January until he married another girl in August of the same year; that he visited the girl nearly every Sunday and frequently during the week days, and that they were frequently together at the home of her mother and at the home of her sister. Some of those witnesses testified about the trip made by appellant and the girl to Batesville, and about her purchase of the dress on that occasion.

Allen Smith, a witness introduced by the State, testified that he had a conversation with appellant, in which the latter stated that he was "fighting the marriage contract," but that he did not deny being the father of the child.

Appellant testified in his own behalf, and said that he had sexual intercourse with the girl the third time he called to see her, and that he frequently had intercourse with her from time to time up to the time he mar-

ried, but that he had never become engaged to the girl or promised to marry her. He stated that the only promise he made to the girl was that, when she expressed fear that she might "get caught up," he promised to use certain precautions to prevent conception.

It is insisted that the evidence is not sufficient to sustain the verdict, in that there is no corroboration in regard to the alleged promise of marriage. We are of the opinion, however, that the circumstances are such as to afford corroboration of the testimony of the prosecuting witness.

It is insisted that the court erred in permitting the prosecuting witness to state that she made preparations for the wedding, by making up a wedding dress and other clothing especially for that purpose. We have decided that, in a case of this kind, it is not competent to prove by other witnesses acts or declarations of the prosecuting witness made in the absence of the accused. *Woodard* v. *State,* 143 Ark. 404. That rule does not, however, apply to the testimony of the prosecuting witness herself, for the weight of her testimony all depends upon her own credibility, and, after testifying regarding the promise of marriage and the acts of intercourse, the weight of the testimony is not augmented by her own statement as to what she had done in preparation for the marriage. It is different, however, when an attempt is made to support her testimony by her own acts or declarations in the absence of the accused, and such testimony is incompetent. Other witnesses were questioned and testified concerning the trip made by appellant with the accused to Batesville, and her purchase of the dress, but the court excluded the testimony of witnesses as to the statements of the girl in the absence of the accused. It was competent, however, for those witnesses to testify to the fact that appellant accompanied the girl to Batesville, and that she purchased the dress and brought it home with her, in company with appellant. This circumstance was not without some force in corroborating the testimony of the girl, for it shows a certain degree

of intimacy between the parties, which, to some extent, warrants the inference that they were engaged to be married.

We find no error in the record, and the judgment is therefore affirmed.