### 11725

### STATE v. STANLEY

(127 S. E., 574)

1. STATUTES—ACT TO REGULATE TRAPPING, SHIPPING, AND TRANSPORTING OF FURS HELD TO SUFFICIENTLY EXPRESS PURPOSE IN TITLE.—Act March 16, 1923, (33 St. at Large, p. 108), entitled "An Act to Provide Regulations for Trapping, Shipping or Transporting Furs, Pelts, Skins," etc., "and to Prescribe Penalties," which to regulate trapping provided for a closed season and to regularte shipping and transporting required purchase of tags, *held* to sufficiently express subject matter in title.

2. STATUTES—STATUTE REGULATING TRAPPING AND SHIPPING AND TRANSPORTATION OF FURS HELD NOT INVALID AS RELATING TO MORE THAN ONE SUBJECT.—That Act March 16, 1923 (33 St. at Large, p. 108), seeks to regulate trapping by providing for a closed season and to regulate shipping, and transportation of furs by providing for purchase of tags, does not make it invalid under Const., Art. 3, § 17, as relating to two subjects.

3. STATUTES—ACT TO REGULATE TRAPPING AND TRANSPORTATION OF FURS HELD NOT REVENUE MEASURE INVALID BECAUSE OF MANNER OF ADOPTION.—Act March 16, 1922 (33 St. at Large, p. 108), regulating trapping, shipping, and transportation of furs and providing fines for violation, is not revenue measure invalid under Const., Art. 3, § 15, because it did not originate in House of Representatives.

4. GAME—INDICTMENT HELD INSUFFICIENT FOR FAILURE TO ALLEGE KIND OF HIDES OR FURS TRANSPORTED.—Since Act March 16, 1923 (33 St. at Large, p. 108), to regulate trapping and transportation of furs specifically mentions certain furs and thereby excludes all others, indictment thereunder for transporting "fur, pelts, and hide, without having attached tags, as required by law," is insufficient for failure to allege kinds of hides or furs transported.

5. GAME—INDICTMENT CHARGING UNLAWFUL TRANSPORTATION OF HIDES AND FURS HELD NOT TO CHARGE OFFENSE.—Indictment charging unlawful transportation of furs, pelts, and hides without having attached tags as required by law, *held* not to charge a crime under Act March 16, 1923 (33 St. at Large, pp. 108, 109), §§ 2 and 3.

Before WILSON, J., Horry, March, 1924. Reversed.

Mort R. Stanley indicted for unlawfully transporting fur, pelts and hides and upon conviction appeals.

*Messrs. Sherwood & McMillan,* for appellant, cite: *Indictment under Act* 1923, *Stat.* 108. *Indictment insufficient:* 32 S. E., 408; 32 S. E., 298; 1 Rich. L., 90. *What is "bill for raising revenue":* 167 U. S., 196; 7 Words & Ph., 6210; 81 Ky., 395; 34 Cyc., 1692. *Title of act does not conform to body:* 116 S. C., 193; 68 S. C., 148; 80 S. C., 127; 91 S. C., 447; 91 S. C., 450.

*Mesrs. Jno. M. Daniel, Attorney General, and Cordie Page, Assistant Attorney General,* for the State, cite: *Indictment charging offense in language of statute sufficient:* 88 S. C., 493; 41 S. C., 159; 89 S. C., 106; Code Proc., 1922, Sec. 89; 104 S. C., 268. *Purpose of act properly expressed in title:* 95 S. C., 104; 92 S. C., 313; 74 S. C., 448; 18 S. C., 464; 119 S. C., 213. *"Transport":* 79 S. C., 87. *Sentence within discretion of Court:* 113 S. C., 103.

March 26, 1925.

The opinion of the Court was delivered by ACTING ASSOCIATE JUSTICE W. C. COTHRAN.

The defendant appellant was convicted by a jury of Horry County in March, 1924, of violating the provisions of an Act of the General Assembly of 1923, entitled "An Act to provide regulations for trapping, shipping or transporting furs, pelts, skins and hides  *  *  *  and to prescribe penalties."

The indictment was as follows:

"The State of South Carolina, County of Horry.

"At a Court of General Sessions, begun and holden in and for the county of Horry, in the State of South Carolina at Conway Courthouse, in the county and State aforesaid, on the first Monday of March, in the year of our Lord, one thousand nine hundred and 24.

"The jurors of and for the county aforesaid, in the State aforesaid, upon their oath, present:

"That Mort R. Stanley, late of the county and State aforesaid, on the 26th day of November in the year of our Lord one thousand nine hundred and 23 with force and arms, at Conway, in the county and State aforesaid, did unlawfully transport fur, pelts and hide, without having attached tags, as required by law, against the form of the statute in such cases made and provided and against the peace and dignity of the State.

"GASQUE, Solicitor."

Upon the call of the case for trial a motion to quash the indictment was made upon the following grounds:

(1) That the indictment is void in that it fails to allege the kind of hides or furs transported.

(2) That Section 2 of an act to provide regulations for trapping, etc., Acts 1923, p. 108, does not make the offense charged in the indictment a crime. For that reason this Court is without jurisdiction, under Sections 1 and 18 of Article 5 of the Constitution.

(3) That the Act upon which indictment is based is a revenue measure providing for the raising and distribution of a license tax, and is in violation of Section 15 of Article

3 of the Constitution of 1895, in that the bill which was afterwards enacted into an Act originated in the Senate and not in the House of Representatives.

(4) That the act upon which the indictment is based is unconstitutional in that it relates to more than one subject, in violation of Section 17 of Article 3 of the Constitution.

(5) That the act upon which the indictment is based is unconstitutional in that the subject-matter of the act is not expressed in its title, in violation of Section 17 of Article 3 of the Constitution.

These grounds of the motion will be considered in inverse order.

It appears that the subject-matter of the act is clearly apparent from a most casual reading of the title. It is to regulate the trapping, shipping, or transporting of furs. To regulate the trapping, a closed season was provided, and for regulating the shipping and transporting, tags were to be bought from the game warden. It is unreasonable to expect the title to contain all of the provisions of the act. *Robinson v. Columbia,* 116 S. C., 193; 107 S. E., 476.

Nor do we see where the act is unconstitutional because relating to two subjects. The fixing of a closed season and the requirement for tags are both directly connected with the protection of the fur bearer and his necessary natural product, the fur.

The ground that it was a revenue measure originating in the Senate cannot be sustained. The act provides for penalties, not revenues. It is true that one-half of the fines shall go to the game protection fund and one-half to the county school fund of the county where the penalty was paid, but this is not sufficient to make this act a revenue measure. The law is very correctly stated in *Day Land & Cattle Co. v. State,* 68 Tex., 526; 4 S. W., 865, as follows:

The Constitution "providing that revenue bills shall

originate in the House of Representatives only applies to bills to levy taxes, in the strict sense of the word, and not to bills for other purposes, which may incidentally raise revenue." *United States v. James,* Fed. Cas. No. 15, 464; 13 Blatchf. 207. *Dundee Mortg. Trust Inv. Co. v. Parrish* (C. C.), 24 F. 197. *Perry County v. Selma,* M. & M. R. Co., 58 Ala., 546. *Fletcher v. Oliver,* 25 Ark., 289. *Harper v. Commissioners,* 23 Ga., 566.

That the offense charged in the indictment was not a crime under the statute, although abandoned by the appellant in his printed argument, will be referred to later in this opinion.

The first ground of the motion to quash was that the indictment failed to allege the kinds of furs or hides transported. By reference to the indictment above set forth, it is seen that it was most meager and incomplete in its charge against the defendant. It must be borne in mind that all furs and hides were not included in the act; hence the appellant was entitled to be "fully informed," as provided in the Constitution, of the nature of the alleged offense. The act mentions hides of opossum, raccoon, otter, muskrat, red fox, gray fox, mink and skunk. The inclusion of these necessarily excludes all others not mentioned in the act. All others are excepted. It was therefore necessary for the indictment to show that it applied to some or all of those furs, pelts, hides, or skins mentioned in the act. *State v. Freeland,* 106 S. C., 220; 91 S. E., 3.

A few of the other authorities relating to the necessity for full allegations in indictments will be cited.

In 31 C. J., 704, the rule is thus expressed:

"Either the letter or the substance of the Statute defining the offense must be followed, it being held in some cases in general terms that an indictment for a crime unknown at the common law must follow the statute or that he precise words of the Statute must be employed"—Citing cases from practically every State in the Union, together with *State v. Hen-*

*derson,* 30 S. C. Law (1 Rich.), 179. *State v. Cheatwood,* 20 S. C., Law (2 Hill) 459, and *State v. Padgett,* 18 S. C., 317.

The indictment does say that the hides did not have the tags "as required by law," but this was not a sufficient compliance with the rule requiring the indictment to state fully the facts set forth in the statute. In 31 C. J. 694, it is said:

"The omission of material matter in the description of an offense cannot be supplied by a charge that the act was committed 'contrary to law,'" or other similar expressions.

In *Sate v. Raines,* 3 McCord, 533, the syllabus says:

"It is not enough to say, in an indictment, that a crime has been committed, in the words of the act; but it is also necessary to specify on the face of the indictment the criminal nature and degree of the offense, and also the particular facts and circumstances which render the defendant guilty of the offense."

This doctorine was later cited in *State v. Cantrell,* 2 Hill, 390. *State v. Cheatwood, supra. State v. Brown,* 2 Speers, 134. *State v. Fleming,* 2 Strob. 464.

In *State v. Henderson,* 1 Rich. Law, 179, the syallabus reads:

"Every indictment must contain and set forth all the ingredients of an offense, and no omission in such statement, can be supplied by evidence or innuendo."

This doctrine is later cited in *Wilson v. Hamilton,* 9 Rich., 386. *State v. Evans,* 18 S. C., 138. *State v. Jeter,* 47 S. C., 5; 24 S. E., 889. *State v. Jeffcoat,* 54 S. C., 198; 32 S. E., 298. *State v. Turner,* 82 S. C., 282; 64 S. E., 424; 17 Ann. Cas., 88. The basis for the charge of libel in the *Henderson Case, supra,* gives a most graphic account of the first meeting of the "Goat Racing Club," in the city of Charleston, some time prior to January, 1845, presumably on June 28, 1844.

The rule seems to be settled for all time in this State by

the decision in *State v. Turner,* 82 S. C., 278; 64 S. E., 424; 17 Ann. Cas., 88.  This case holds:

"It has been a settled rule of pleading in this State from early times, that in order to charge a statutory offense, every ingredient necessary to make up the crime must be alleged in the indictment and provided by the prosecution."

It therefore appears that the indictment was insufficient in not setting forth the offense in the wording of the statute as to the kinds of hides or furs transported and that the motion to quash should have been granted.

Adverting briefly to the abandoned ground that the act does not make the offense charged in the indictment a crime, as we are willing to do in the interest of justice to and liberty of the defendant (*State v. Griffin* [S. C.], 124 S. E., 81), we wish only to say that the indictment charges the defendant with unlawfully transporting hides, etc., without having tags attached, etc.

Section 2 of the act provides a penalty for failure to apply to the game warden for a tag by all persons transporting furs, etc.  The indictment does not so charge.  Section 3 of the act provides a penalty for any persons receiving for shipment or transportation any of the said skins, hides, etc., enumerated in the act.  The indictment does not so charge.  Forgery of tags is made subject to another penalty, likewise failure to report shipments.  Strictly speaking, no section of the act is covered by the indictment, and the indictment should have been quashed upon the ground that no offense was stated therein.

As the motion to quash the indictment should have been sustained, the other exceptions presented by the appeal are not considered.

Judgment reversed.

MESSRS. JUSTICES WATTS, FRASER, and MARION concur.

MR. CHIEF JUSTICE GARY and MR. JUSTICE T. P. COTHRAN did not participate.