SLOAN v. STATE.

Opinion delivered November 8, 1926.

1. SEDUCTION—CORROBORATION OF PROSECUTRIX.—One cannot be convicted of seduction on the testimony of a prosecuting witness unless she is corroborated both as to the promise of marriage and the fact of sexual intercourse.

2. SEDUCTION—SUFFICIENCY OF CORROBORATION.—Corroboration of the prosecutrix in a seduction case is sufficient if it tends to support her testimony and satisfies the jury that she is worthy of credit.

3. SEDUCTION—SUFFICIENCY OF CORROBORATION.—Evidence *held* sufficient to corroborate the prosecutrix in a seduction case.

4. SEDUCTION—PRESUMPTION OF CHASTITY.—In a prosecution for seduction, the prosecutrix is presumed to be chaste, and the burden is on the defendant to show the contrary.

5.  CRIMINAL LAW—MISLEADING INSTRUCTION.—Specific objection should be made to an instruction thought to be misleading.

6.  SEDUCTION—EVIDENCE OF PREPARATION FOR WEDDING.—In a prosecution for seduction it is not error to permit the prosecutrix to testify as to her preparations for the wedding.

7.  SEDUCTION—EVIDENCE OF PREPARATION FOR WEDDING.—In a prosecution for seduction, testimony of a witness that she made a dress for the prosecutrix, without permitting witness to state what prosecutrix told her the dress was for, *held* proper.

8.  CRIMINAL LAW—VERDICT—ASSESSMENT OF PUNISHMENT.—Where the court instructed the jury in a seduction case that the punishment for seduction was not less than one nor more than five years and a fine of not exceeding $5,000, as provided by Crawford & Moses' Dig., § 2414, and the jury brought in a verdict imposing a fine of $500, it was not error to refuse to receive the verdict and to direct the jury to retire and fix the penalty.

Appeal from Crawford Circuit Court; *James Cochran,* Judge; affirmed.

*W. H. Neal* and *C. M. Wofford,* for appellant.

*H. W. Applegate,* Attorney General, and *John L. Carter,* Assistant, for appellee. .

HART, J. Reves Sloan prosecutes this appeal to reverse a judgment against him for seduction.

Under our statute, the defendant in a seduction case shall not be convicted upon the testimony of the prosecuting witness unless corroborated by other evidence as to the promise of marriage and the fact of sexual intercourse. *Lasater* v. *State,* 77 Ark. 468, 94 S. W. 59; *Bethel* v. *State,* 162 Ark. 76, 257 S. W. 740; *Jones* v. *State,* 166 Ark. 324, 266 S. W. 262; and *Babers* v. *State,* 168 Ark. 1055, 272 S. W. 659.

The prosecutrix testified to the promise of marriage and seduction. It is earnestly insisted, however, that her testimony is not sufficiently corroborated. Under the authorities cited above, the corroboration is sufficient if it consists of such facts or circumstances as tend to support the testimony of the prosecuting witness and shall satisfy the jury that she was worthy of credit.

In the case at bar, the prosecuting witness testified that she yielded to the defendant because she loved him,

and he promised to marry her. As a result of their illicit intercourse, a child was born to her on November 5, 1925, when she was about sixteen years of age. The last intercourse that she had with the defendant was on the 5th day of February, 1925, and all this occurred in Crawford County, Arkansas.

According to the testimony of Joe Webb, the defendant and the prosecuting witness kept company from 1923 to early in 1925. About the first of February, 1925, the defendant told the witness that the father of the prosecutrix was raising a little hell, and that he was going to get the chance to raise a little more pretty soon. Soon after this the defendant quit going with the prosecuting witness.

Another witness testified that the defendant admitted, on the witness stand in a carnal abuse case, that he had had illicit intercourse with the prosecuting witness. It was shown that, for two years, the defendant and the prosecuting witness constantly kept company together, and that the other boys quit going with the prosecuting witness.

The prosecuting witness testified that she had her wedding dress made about a certain date, and another witness testified that she knew the dress had been made for the prosecuting witness. When all these facts are considered in connection with the testimony of the prosecutrix, we think the evidence was legally sufficient to support a judgment of conviction.

The next assignment of error is that the court erred in giving instruction No. 3, which tells the jury that it is necessary to prove that a woman has illicit intercourse with a man other than the defendant in order to prove that she is unchaste. We do not think so. The instruction only means to tell the jury that the statute considers that women are chaste, and imposes on the defendant in a seduction case the burden of showing to the contrary. This is in accordance with the law laid down in *Wilhite* v. *State*, 84 Ark. 67, 104 S. W. 531. We do not deem it necessary to copy the instruction in the opinion.

In addition to what we have said, it may be stated that, if the defendant thought the instruction was calculated to mislead the jury, he should have made a specific objection to it. When the instructions are considered as a whole, it clearly intended to instruct the jury in accordance with the principles of law laid down in the cases cited above.

The next assignment of error is that the court erred in permitting a witness for the State to testify that she made a dress for the prosecuting witness and that the prosecuting witness told her for what purpose the dress was being made. An examination of the record shows that the prosecutrix testified that this witness had made a wedding dress for her. The witness was not allowed to state what the prosecutrix had told her, but was only allowed to testify that she had made a dress for the prosecutrix. In a prosecution for seduction, it is not erroneous to permit the prosecutrix to testify as to her preparations for the wedding. *Jones* v. *State,* 166 Ark. 324, 266 S. W. 262. As we have just seen, the witness was only permitted to testify that she made the dress, and was not permitted to state what the prosecutrix told her the dress was made for. Hence this assignment of error is not well taken.

The last assignment of error relates to the circuit court's action in refusing to receive a verdict which assessed a fine of $500 against the defendant. Our statute provides that any person convicted of seduction shall be imprisoned in the penitentiary not less than one year nor more than ten years, and fined in any amount not exceeding $5,000. Crawford & Moses' Digest, § 2414.

When the jury brought in the verdict imposing a fine and leaving off imprisonment in the State Penitentiary, the court told the jury that this verdict could not be accepted, except by agreement on both sides, and instructed the jury to return to their jury room with the following statement: "Gentlemen, you will have to go back to your jury room and fix this penalty."

The court had already told the jury, in its original instructions, what punishment was imposed by the statute

for the crime.   When the court refused to receive the verdict finding the defendant guilty and fixing his punishment at a fine only, and told the jury to go back and fix the penalty, it evidently had in mind the punishment fixed by statute, and did not in any wise attempt to direct the jury to return a verdict of guilty, nor did it in any wise express an opinion upon the weight of the evidence.   The court simply meant to tell the jury that, if it found the defendant guilty, it had no discretion in the matter of fixing punishment except within the limits of the statute.   If counsel for the defendant thought otherwise, he should have made a specific objection to the ruling of the court, and no doubt the court would have made the matter as plain to the jury as the defendant had requested.

We find no reversible error in the record, and the judgment will therefore be affirmed.