Mr. Lee White Legislative Assistant Office of the Governor State Capitol Executive Chambers Denver, Colorado 80203
Dear Mr. White:
You have requested an opinion as to whether a bill to increase the tax on motor fuel, specifically on gasoline, would be a "bill raising revenue," pursuant to article V, section 7 of the Colorado Constitution.
QUESTION PRESENTED AND CONCLUSION
Is a bill to increase the tax on motor fuel, specifically gasoline, a "bill raising revenue," pursuant to article V, section 7 of the Colorado Constitution?
My conclusion is "no."
ANALYSIS
The proceeds from the excise tax on gasoline, license fees, and registration fees are to be used exclusively for "conservation, maintenance, and supervision of the public highways of this state," pursuant to article X, section 18, Colorado Constitution.
The tax on motor fuel is imposed pursuant to article 27, title 39, C.R.S. 1973. The net revenue from the imposition of the tax on motor fuel is paid into and credited to the Highway Users' Tax Fund (C.R.S. 1973, 43-4-203(1)(a)).
Article X, section 18, Colorado Constitution was adopted by the people in 1934, and received an immediate interpretation inJohnson v. McDonald, 97 Colo. 324, 49 P.2d 1017 (1935). In this case, the Colorado Supreme Court discussed and analyzed the new section of the Constitution:
 By the 1934 amendment to article X of the Constitution (S.L. '35, p. 328), the roads of this state are, in effect, made the producers of a special fund, for the gasoline tax is a tax on motor fuel used in propelling vehicles along the highways. It amounts to an indirect tax for the use of the highways by motor vehicles. Moreover, the amendment makes the proceeds of the taxes mentioned therein not available for general purposes. (Emphasis original.) (97 Colo. at 339-340).
. . . .
 Since the amendment of 1934 sets aside and fixes the amount — the whole of the revenue from the taxes mentioned — as applicable for road purposes, no appropriation by the legislature is necessary.
(Emphasis added, 97 Colo. at 348.)
It is clear from the analysis in Johnson v. McDonald,supra, that the gasoline tax is imposed upon those who use the highways, for construction and maintenance of the highways, and is not available to defray the general expenses of state government.
In Public Utilities Commission v. Manley, 99 Colo. 153,60 P.2d 913 (1936), the Colorado Supreme Court held that the Gross Ton Mile Tax, enacted in 1935, was not an act for raising revenue, under art. V, section 31, Colorado Constitution. The court found that the fees were a charge" in the nature of compensation for damages done to the roads of the state by driving such machines over them" (99 Colo. at 160). The court inPublic Utilities Commission v. Manley, supra, cited Ard v. The People, 66 Colo. 480, 182 P. 892
(1919). For the proposition that such fees are in the nature of a license fee or toll for the use of the public highways. (99 Colo. at 159).
As with license fees and the gross ton mile tax, the excise tax on gasoline is in the nature of a toll or fee for the use of the public highways of this state, because art. X commits the proceeds from such a tax to be used exclusively "for the construction, maintenance and supervision of the public highways of this state."
Art. X, § 18, Colo. Const. turns an otherwise traditional tax into an indirect user fee. The tax proceeds are appropriated by the constitution, and clearly are not a part of the General Fund for the use of defraying the general expenses of state government.
In paying the tax on motor fuel, as with payment of the gross ton mile tax or the motor vehicle registration fee, the taxpayer receives a specific, definable return — the benefit of the use of the public highways that are constructed and maintained with these tax dollars.
It is this reasoning which leads me to conclude that a bill to increase the tax on gasoline would not be a revenue raising bill. And this view is supported in Research Memorandum No. 1, "Revenue Raising Bills," prepared and published by the Legislative Drafting Office in 1969.
This research memorandum has been relied on by the attorney general and the General Assembly since that time.
One case quoted at length in the research memorandum is an old federal circuit court case which sets forth a standard for revenue raising bills that remains usable and applicable, and one that has been followed consistently:
 Certain legislative measures are unmistakenly bills for raising revenue. They impose taxes upon the people, either directly or indirectly, or lay duties, imposts or excises for the use of the government, and give to the person from whom the money is exacted no equivalent in return, unless in the enjoyment, in common with the rest of the citizens of the benefits of good government. It is this feature which characterizes bills for raising revenue. They draw money from the citizen. They give no direct equivalent in return.
(Emphasis added.) (26 Fed. Cas. at p. 578). United States exrel. Michels v. James, Fed. Case No. 15, 464, 26 Fed. Cas. 577, 13 Blatchf 207 (Cir.Ct. S.D. N.Y. 1875) (LDO Research Memorandum, p. 7). Conversely, if a bill does take money from the citizen, but gives him a direct return, it is not a revenue raising bill.
The LDO Research Memorandum notes that out of the cases, certain general rules have evolved. Among them is that "if the bill imposes a tax, or toll or fee in the nature of compensation for the use of governmental facilities . . ., the bill is not one for raising revenue." (pp. 7-8; also see p. 15 of the Research Memorandum). The excise tax on motor fuel is such a tax.
There are no Colorado cases construing the article V, section 7 language, "bills except those raising revenue." There are, however, cases construing the article V, section 31 language "bills for raising revenue," such as Public UtilitiesCommission v. Manley, supra.
The attorney general has consistently held, at least since the 1964 opinion of Duke Dunbar, that these two phrases have the same meaning (Opinion 64-3765, January 14, 1964). The following is from that opinion:
 We do not have a supreme court determination of the meaning of revenue raising bills, which appears in article V, section 7 of the Constitution. However, I have construed these words as meaning the same as the bills raising revenue referred to in article V, section 31 of the Constitution . . . .
This opinion, and the legal analysis behind it, have been followed consistently by the attorney general and by the General Assembly since 1964. As there is no legally-founded reason for a change in this opinion, I shall continue to construe these two phrases as having the same meaning.
SUMMARY
Therefore, it is my opinion that a bill to increase the tax on gasoline would not be a revenue raising bill pursuant to article V, section 7, of the Colorado COnstitution.
Very truly yours,
 J.D. MacFARLANE Attorney General
LEGISLATURE TAXATION AND REVENUE
C.R.S. 1973, 43-4-203(1)(a) C.R.S. 1973, 39-27-101 et seq.
Colo. Const. art. V, § 7
Colo. Const. art. X, § 18
LEGISLATIVE BRANCH EXECUTIVE BRANCH Governor, Office of
A bill to increase the tax on gasoline would not be a revenue raising bill pursuant to article V, section 7 of the Colorado Constitution.