## DAVIE *v.* PADGETT.

### Opinion delivered April 12, 1915.

1. INFANTS—SUIT IN NAME OF—INCAPACITY—WAIVER.—Under Kirby's Digest, § § 6073-96, the incapacity of an infant to sue in his own name may be waived by the defendant, and is waived by the defendant's failure to take advantage of the defense, at the time, and in the manner pointed out by the statute.

2. INFANTS—INCAPACITY TO SUE—JUDGMENT—VALIDITY.—A judgment in a suit brought in the name of an infant is not void, and the defect constitutes error which calls for reversal only when taken advantage of in apt time.

3. INFANTS—JUDGMENT AGAINST—VALIDITY.—Judgments against infants are not void because of the omission to appoint a guardian, but are merely voidable, and can be avoided only on appeal or writ of error, or other direct proceedings authorized by statute.

4. INFANTS—INCAPACITY TO SUE—WAIVER.—The defendant waives the objection that the plaintiff is an infant. and suing without guardian or next friend, by pleading to the merits and by failing to raise the objection by demurrer or answer.

5. INFANTS—CONTRACTS OF—MAY BE AVOIDED, WHEN.—The contract of an infant is not absolutely void, but is only voidable at the instance of the infant himself.

6. CONTRACTS—BREACH OF PROMISE—IMMORAL CONSIDERATION.—An immoral consideration will not support a promise of marriage, and if a promise to marry is on consideration that the promisee shall before marriage have sexual connection with the promisor, it is void.

7. CONTRACTS—BREACH OF PROMISE—SUFFICIENCY OF THE EVIDENCE.—Evidence held sufficient to show that defendant promised to marry the plaintiff, and that he committed a breach of that promise, and warranted a verdict in favor of the plaintiff.

8. DAMAGES—BREACH OF PROMISE—ELEMENTS OF DAMAGE.—The elements of loss of virtue, shame and mental anguish are matters of aggravation which are proper to consider in determining the damage which grow out of a breach of promise of marriage, and seduction which was an incident of the breach.

Appeal from White Circuit Court; *J. M. Jackson,* Judge; affirmed.

*S. Brundidge* and *J. W. & J. W. House, Jr.,* for appellant.

1. The plaintiff, being an infant, could sue only by guardian or next friend. She had no right to bring the suit in her own name, and the court had no jurisdiction.

The statute is mandatory and jurisdictional. Kirby's Dig., § § 6021, 6022; 9 Am. & Eng. Ann. Cas. 1114; 71 Ark. 258; 50 Ark. 480; 63 Ark. 155; 55 Ark. 29; 87 Ark. 184.

2. At the time the alleged contract of marriage was entered into, the plaintiff was incapable of entering into a valid contract. The verdict is, therefore, contrary to the law and the evidence. 4 Ruling Case Law, 143, § 1; Kirby's Dig., § § 5171, 5172; 43 Ark. 185; 59 Ark. 4; 38 Ark. 278; 13 Abb. Prac. (N. S.) 402; 51 S. W. 503; 42 Ill. App. 511; 37 Mich. 65.

3. Instructions which are abstract and misleading are necessarily prejudicial. The court therefore erred in giving an instruction which allowed the jury to assess damages for bodily pain, blighted affections, disappointed hopes, loss of friends, shame, disgrace, humiliation and loss of opportunity to marry, when, in fact, there was no testimony whatever introduced directed to or touching these matters. 111 Ark. 140, and cases cited; 86 Ark. 91.

4. If the appellant promised to marry the plaintiff solely on consideration that she would have sexual intercourse with him, this was an immoral and nonenforceable contract, and the court erred in refusing appellant's request so to instruct the jury. 4 Ruling Case Law 145, § 3; 20 Am. & Eng. Ann. Cas. 1352; 87 Ark. 175; 174 U. S. 639; 32 Ark. 619; 74 S. W. 283; 11 Pa. St. 316; 54 Cal. 51, 35 Am. Rep. 67; 16 Abb. Prac. (N. S.) 26; 92 Va. 345, 23 S. E. 749; 26 Barb. 615.

5. The prejudicial effect of counsel's argument (referred to in the opinion) was not removed nor cured by the admonition of the court. It was wholly out of the record, and could have had no other effect than to cause the jury to return the excessive verdict that was returned in this case. 89 Ark. 64; 103 Ark. 358; 95 Ark. 237.

*J. N. Rachels* and *John E. Miller,* for appellee.

1. Appellant's objection to appellee's want of capacity to sue, because of her minority, ought to have been made in the lower court. The complaint showed on its face that the plaintiff was a minor, yet appellant failed to raise the question either by demurrer or in his answer.

He can not raise the question here for the first time. Kirby's Dig., § § 6093-6096; 108 Ark. 490; 112 Ark. 332; 107 Ark. 74; *Id.* 353; 103 Ark. 387; *Id.* 613; 101 Ark. 250; 94 Ark. 390; 90 Ark. 531; 95 Ark. 593; 86 Ark. 608; 105 Ark. 353; 97 Ark. 623; *Id.* 560. The court unquestionably had jurisdiction. 31 Ark. 684; 43 Ark. 33; 77 Ark. 498; 98 Ark. 394; 17 Am. & Eng. Enc. of L. 1059-1063; 22 Cyc. 644, 645, 685; 1 Ruling Case Law, 52, § 53.

2. If plaintiff was a minor at the time appellant made the contract of marriage with her, he knew it, and negotiated at his peril. The defense of minority is personal in its nature, and is to be taken advantage of only by the infant himself. 4 Ruling Case Law, 165; 4 Standard Procedure, 548; 16 Am. & Eng. Enc. of L. 265; *Id.* 296; 31 Ark. 364; Rodgers on Domestic Relations, § 10; 1 A. K. Marshall (Ky.) 76; 10 Am. Dec. 709; 5 Cowen (N. Y.) 475, 15 Am. Dec. 475; 7 Cowen 22, 17 Am. Dec. 496; 63 Am. Dec. 534; 5 Sneed (Tenn.) 659.

3. If there had been any error either of form or substance in the instruction with reference to anguish of mind, bodily pain, blighted affections, etc., it should have been met by specific objection, which was not done. But the instruction was fully warranted by the evidence, and was correct. 84 Ind. 3; 42 Mich. 346; 4 N. W. 8; 36 Am. Dec. 442; 2 Kan. App. 764, 44 Pac. 47; 31 Ark. 696; 4 Ruling Case Law, 155, § 14; *Id.* 156, § 15; 76 S. E. 454, 43 L. R. A. (N. S.) 556; 41 L. R. A. (N. S.) 841.

4. There was no evidence on which to base the sixth instruction requested by appellant. Under the evidence, there either was or was not a promise of marriage, and if there was such a promise, it preceded the seduction accomplished on the strength thereof. The court was right in refusing to give the instruction.

5. Counsel's argument was legitimate. Nevertheless, the court sustained appellant's objection to it, and nothing more was asked of the court. 96 Ark. 87; 84 Ark. 128; 77 Ark. 64; 74 Ark. 256.

McCulloch, C. J. This is an action to recover damages for breach of an alleged contract for intermarriage

between the parties. The complaint sets forth the allegations as to the contract of marriage and breach thereof, and also alleges seduction as a matter in aggravation of the alleged breach of contract. There was a verdict in favor of the plaintiff and defendant has appealed.

(1-2-3-4) It is alleged in the complaint, and established by proof, that the plaintiff was about sixteen years of age at the time defendant promised to marry her and seduced her, and was seventeen years old on the day of the trial in the circuit court. She instituted this action in her own name without a guardian or next friend. No objection was made below in any form as to plaintiff's incapacity to sue in her own name, and that question is raised here on appeal for the first time. It is insisted that under our statute, which provides that the action of an infant "must be brought by a guardian or next friend" (Kirby's Digest, § 6021), the incapacity of an infant to sue in his own name is jurisdictional, and that the question of jurisdiction may be raised at any stage of the proceedings, even on appeal to this court. The contention is, we think, unsound. The code of civil practice provides, as one of the grounds for demurrer, that the plaintiff has not legal capacity to sue, and that when such matter does not appear upon the face of the complaint, the objection may be made by answer (Kirby's Digest, § § 6093-6096). The last section just cited provides that "if no such objection is taken, either by demurrer or answer, the defendant shall be deemed to have waived the same." It thus appears that the statute itself provides that the incapacity of the plaintiff to sue may be waived by the defendant, and is waived by failing to take advantage of the defense at the time and in the manner pointed out by the statute. The judgment is not void because of the plaintiff's incapacity to sue, but that defect only constitutes error which calls for a reversal of the judgment, if taken advantage of in apt time. It has always been the rule of this court that judgments against infants are not void because of the omission to appoint a guardian, but are merely voidable and can only be avoided on appeal or writ

of error or other direct proceedings authorized by statute. *Trapnall's Admx.* v. *State Bank,* 18 Ark. 53. The authorities generally lay down the rule that the defendant waives the objection that the plaintiff is an infant, and suing without guardian or next friend, by pleading to the merits and by failing to raise the objection by demurrer or answer. 22 Cyc. 645; 1 R. C. L. 52.

(5) It is next insisted that the alleged contract of marriage lacked mutuality because of the incapacity of the plaintiff to enter into a contract, and that the alleged breach of it can not be made the basis of a right of action. The contract of an infant is not absolutely void, but is only voidable at the instance of the infant himself. This court, in *Bozeman* v. *Browning,* 31 Ark. 364, said: "As a general rule, no one but the infant himself, or his legal representatives, executors and administrators, can avoid the voidable acts, deeds and contracts of an infant, for, while living, he ought to be the exclusive judge of the propriety of the exercise of a personal privilege intended for his benefit." The numerous authorities cited by counsel for plaintiff on their brief show that the rule is thoroughly established elsewhere, and that only the infant can take advantage of that incapacity to contract.

Error is assigned in the refusal of the court to give the following instruction requested by defendant:

"The jury are instructed that if you find from the evidence that the defendant promised to marry the plaintiff solely on consideration that she should permit him to have sexual intercourse with her (solely on the consideration that she would permit him to have intercourse with her), and as a result of such intercourse she became pregnant, is illegal and can not be enforced in law; and in this case, if you find from the evidence that the defendant did promise to marry the plaintiff upon the consideration that she allow him to have sexual intercourse with her, and that there was no other consideration for such promise, then your verdict will be for the defendant."

(6) The instruction just quoted announced the correct principle of law, and should have been given to the

jury if there was evidence which justified it, for "an immoral consideration will not support a promise of marriage, and consequently if a promise to marry is on consideration that the promisee shall before marriage have sexual connection with the promisor, it is void." 4 R. C. L. 145. See, also, *Connolly v. Bollinger,* 20 Am. & Eng. Ann. Cases 1352; *Burke v. Shaver,* 92 Va. 345; and other authorities cited on the brief of counsel for defendant.

The facts of this case did not, however, call for the submission to the jury of that issue, for there is no testimony which would have justified the jury in reaching the conclusion that the alleged promise of marriage was made by defendant in consideration of plaintiff granting him the privilege of sexual intercourse with her. Plaintiff was a domestic servant in the household of defendant's sister, who resided with her husband on a farm in White County. Plaintiff was, as before stated, about sixteen years of age at that time, and defendant was about fifty-two years of age and a bachelor. He was living with his sister at the time and slept under the same roof with plaintiff. She testified that she arose early every morning and went to the kitchen for the purpose of preparing the breakfast for the family, and that defendant usually met her in the kitchen and remained there with her while she was preparing the meal. She stated that it was under those circumstances that he wooed her and finally promised to marry her. One night during the month of January, 1913, he came to her room, according to her testimony, and proposed sexual intercourse. That was after they had become engaged to be married, and the day for marriage had been fixed. She said that she demurred, but that he insisted upon the intercourse, assuring her that because of their affection and approaching marriage no harm would be done, and that if she became pregnant before the date fixed for the marriage, he would immediately marry her. She yielded to his solicitation, and thereafter for a period of six months or longer, they frequently had sexual intercourse under the same circumstances, that is to say, he would come to her room at night

after the family had retired. The date of the marriage had been set for a certain day in June, and she said that after that date passed without his complying with his promise, she told him of her condition, and that he finally announced to her that he would not marry her at all. She then left the home of his sister and soon after gave birth to a child. Defendant intermarried with another about that time. The testimony of the plaintiff was sufficient to establish the contract of marriage and the breach thereof, and also the aggravating circumstances by reason of the seduction. The defendant denied that he promised to marry the plaintiff, or that he had sexual intercourse with her, and undertook to show that improper relations existed between the plaintiff and another man. The jury evidently rejected the whole statement of defendant and accepted the testimony of the plaintiff as true. Now, there was no issue in the case as to a promise of marriage based upon the consideration of having sexual intercourse. It is true that plaintiff says that the defendant promised to marry her in advance of the day already set if she should become pregnant before that time, but that did not vitiate the original promise of marriage. The fact of seduction, even though it was accomplished by a promise to hasten the marriage, only afforded aggravating circumstances to be considered by the jury in assessing the damages resulting from the breach of the original promise. According to the plaintiff's testimony, there was an unconditional promise of marriage, and on the other hand the defendant testified that there was no promise at all, therefore, there was no issue as to there being a conditional promise or one based upon the consideration of sexual intercourse. The instruction therefore submitted a matter foreign to the issues, and was properly refused by the court.

(7) It is earnestly insisted that the evidence is not sufficient to sustain the verdict, but we are clearly of the opinion that the evidence is sufficient for that purpose, and that we are not at liberty to disturb the verdict on that ground. The parties in interest, and others who tes-

tified in the case, were before the jury, and the jurors were in better position to judge of the credibility of the witnesses.

(8) There is an assignment of error based on alleged misconduct of one of the attorneys for the plaintiff in making a statement concerning the verdict of the jury in a certain case of a similar nature tried at Little Rock in which the plaintiff was given a verdict for the sum of $100,000. The record shows that counsel for the defendant objected to the argument at the time, and that the court sustained the objection, but there was no request made concerning any further action of the court; in fact, there was no exception saved to the remark, defendant's counsel contenting themselves merely with an objection which the court sustained. Later, there was another objection which the court overruled, and an exception was saved. The statement objected to at that time was as follows: "You ought to award this plaintiff such a sum as will compensate her for her loss of virtue, shame and mental pain and anguish." The action of the court in overruling the objection was tantamount to an approval of the argument, and thus accepting it as a proper statement of the elements of damages. We are of the opinion, however, that the statement was not incorrect as to the elements of damages, for they could all be considered in determining the amount of damages to be awarded to the plaintiff. The elements of loss of virtue, shame and mental anguish were matters of aggravation which were proper to be considered in determining the damages which naturally flowed from the breach of the promise of marriage and the seduction, which was one of the incidents of such breach. *Collins* v. *Mack*, 31 Ark. 684.

There are other matters discussed in the brief, but none which calls for further discussion.

Judgment affirmed.