BROOKS *v.* STATE.

Opinion delivered November 13, 1916.

1.  SEDUCTION—CORROBORATION OF PROSECUTRIX.—Where defendant is prosecuted for the crime of seduction it is necessary for the testimony of the prosecutrix to be corroborated, both as to the promise of marriage and the sexual intercourse.

2.  SEDUCTION—CORROBORATION OF PROSECUTRIX.—In a prosecution for seduction, the testimony of the prosecutrix held to be corroborated by. that of other witnesses, who had held conversations with the defendant relative to the crime.

Appeal from Sevier Circuit Court; *Jefferson T. Cowling,* Judge; affirmed.

*Steel & Lake* and *James D. Head,* for appellant.

1.   There is no corroboration of the prosecuting witness either as to the promise of marriage or the intercourse.   77 Ark. 16, 23, 468; 95 *Id.* 555; 92 *Id.* 421.

2.   Prejudicial evidence as to other acts was admitted.

*Wallace Davis,* Attorney General, and *Hamilton Moses,* Assistant, for appellee.

1.   The evidence is clearly corroborative of the testimony of the prosecutrix.   77 Ark. 472; 40 *Id.* 482; 92 *Id.* 421.

2.   No prejudicial evidence was admitted. The evidence complained of was excluded.

HART, J.   Clayton Brooks was convicted of the crime of seduction and prosecutes this appeal from the judgment of conviction.

(1)   It is conceded that the testimony of the prosecuting witness established the crime, but it is insisted that there is not sufficient evidence to sustain the verdict of the jury for the reason that there is no corroboration of the prosecuting witness.   In such cases before a conviction can be had it is necessary for the testimony of the prosecutrix to be corroborated, both as to the promise of marriage and the sexual intercourse.   *Nichols* v. *State*, 92 Ark. 421, and *Cook* v. *State*, 102 Ark. 363.

According to the testimony of the prosecutrix the first act of intercourse occurred in February, 1915, and the illicit relation continued until the defendant left the neighborhood in July of that year.   On November 12, 1915, a child was born to the prosecutrix and a short time thereafter she made an affidavit before a justice of the peace charging the defendant with seduction. Before the warrant was issued the justice of the peace was requested to interview the defendant about the charge and did so.   He said that he went to the home of defendant's parents and found the defendant hiding in a closet with a gun;   that defendant seemed to be excited;   that he told the defendant he had come over to see if he would do the right thing and marry the girl; that the defendant said that he was willing to marry the girl but that his father did not want him to;   that the defendant ran off before the warrant could be served on him and remained away from the State until after an indictment was returned against him and then came back and gave himself into custody;   that after the defendant was indicted the witness again met him and in talking about the crime the defendant said he had come to the conclusion he would be convicted but that he would get a pardon before he went to the penitentiary.

Doctor Clingham stated that he was called to the home of the prosecutrix and after ascertaining that she was pregnant he went to see the defendant;   that he

told the defendant that if he wronged the girl, he knew it and that if he did do it, he ought to go ahead and marry her and the defendant answered that if he wanted to marry, that he had just as soon have her as any girl but that he did not want to marry anyone until he talked to his father about it.

The mother of the girl testified that the defendant had been going with the prosecutrix for the past two years; that she went out frequently with him and that the defendant visited her regularly at her home. She also stated that her daughter during this period rarely ever kept company with any other boy.

(2)   The testimony we have just recited was sufficient to corroborate the prosecuting witness and warranted the jury in returning a verdict of guilty against the defendant. *Nichols* v. *State*, 92 Ark. 421; *Lasater* v. *State*, 77 Ark. 472.

It is true the defendant denied his guilt and introduced witnesses to corroborate his testimony but the credibility of the witnesses was submitted to the jury under proper instructions and for the reasons already given the testimony was sufficient to warrant the conviction.

A reversal of the judgment of conviction is also asked on the ground that the court erroneously permitted two witnesses to testify that the defendant had told them that he had had sexual intercourse with other girls. On this assignment of error we need only say that a careful examination of the record shows that the court did not permit this testimony to go to the jury but specifically excluded it from them.

The judgment will be affirmed.