PATRICK v. STATE.

Opinion delivered June 17, 1918.

1. SEDUCTION—TESTIMONY OF PROSECUTRIX—CORROBORATION.—In a prosecution for seduction, *held* the testimony of the prosecuting witness was sufficiently corroborated by that of her sister and father as to defendant's promise to marry the prosecutrix, and that the evidence was sufficient to warrant a conviction.

2. SEDUCTION—PROOF OF PROSECUTRIX' REPUTATION—HARMLESS ERROR.—In a prosecution for seduction, where neither the chastity nor the veracity of the prosecutrix has been brought into question, it is error to permit the state to introduce testimony to establish these facts, but since such fact was presumed the error of admitting the testimony was harmless.

3. EVIDENCE—FACT PRESUMED—HARMLESS ERROR.—The admission of incompetent evidence to prove what the law would otherwise presume, is harmless.

4. SEDUCTION—PROOF OF PROSECUTRIX' REPUTATION—FORM OF OBJECTION.—An objection to the introduction of testimony as to the chastity and veracity of prosecutrix in a seduction case must be made specifically.

5. VENUE, PROOF OF.—Venue is an issue to be proved by a preponderance of the evidence.

Appeal from Pulaski Circuit Court; *John W. Wade,* Judge; affirmed.

*Gardner K. Oliphint,* for appellant.

1. The first act of intercourse completes the offense and subsequent acts do not constitute seduction. The first act was at Fort Logan H. Roots within the jurisdiction of the United States. The State court had no jurisdiction. The courts take judicial knowledge of the fact that Fort Roots is a fort of the United States, jurisdiction over which was ceded by the State to the United States. Kirby's Digest, § § 3469, 3478-9-80-81, etc.; 90 Ark. 292; 81 Pac. 450; 106 *Id.* 337; 29 Ark. 293; 53 *Id.* 46; 87 *Id.* 406; 16 Cyc. 859; 110 Ark. 595; 24 L. R. A. (N. S.), 404; 146 U. S. 325; 209 *Id.* 36; 2 Crawford's Dig. 1355, 1951, and many others.

2. The offense was complete on the first act and subsequent acts can not be relied upon for conviction. Kir-

by's Dig., § 2043; 113 Ark. 520; 40 *Id.* 482-6; 33 Mich. 112; 46 N. E. 1040-2; 1 Parker, 474, 480; 26 N. Y. 203, 207; 8 Barb. 603; 49 Ia. 531; 46 So. 708; 113 Ark. 520; 93 Va. 815; 21 S. E. 502; 21 S. W. 764; 157 Pac. 704; 132 N. W. 431; 30 L. R. A. (N. S.), 173.

3.  It was reversible error to permit the State to prove, in its main case, the general reputation of prosecutrix in the community for chastity and morality, before the chastity or veracity of the prosecutrix was questioned  The chastity was presumed, and the State was under no duty to allege or prove it.   40 Ark. 482; 71 *Id.* 62; 84 *Id.* 69.   The error was prejudicial.   62 Ark. 270; 40 *Id.* 482; 59 *Id.* 431; 73 *Id.* 139; 104 N. W. 722.   See also 111 Ark. 134; 73 Fed. 774; 167 U. S. 624.

4.  The testimony is insufficient to sustain the verdict.  The prosecutrix was not sufficiently corroborated. 77 Ark. 16; 40 *Id.* 482; 73 *Id.* 265.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

1.  The State court had jurisdiction.  The testimony only shows that the first act was "on that hill" on which Fort Roots was located.  The jurisdiction of the State courts is not defeated by the sections of the Digest quoted by appellant.  The mere ceding jurisdiction to the United States is not sufficient—an acceptance must be shown. On question of jurisdiction, see 209 U. S. 37; 146 *Id.* 329; 114 *Id.* 542, and others.

2.  It was not reversible error to prove the good reputation of prosecutrix, as part of the main case.  The admission of incompetent evidence to prove what the law would otherwise presume is harmless.  8 Ark. 423; 87 *Id.* 243.

3.  The evidence is ample to sustain the verdict.  The testimony of the prosecutrix is corroborated as to the promise and first act by the sister, by circumstances, letter, etc.   77 Ark. 468; 40 *Id.* 482.

WOOD, J.  Appellant was indicted, tried and convicted of the crime of seduction and duly prosecutes this

appeal. The prosecutrix testified that defendant began keeping company with her in November, 1916. At that time she was not yet seventeen years of age. He visited her every week or two from November until May. Defendant lived at Vilonia, Faulkner County, Arkansas. He is the only man she kept company with from November to May. Defendant began to have sexual intercourse with witness in February or March, 1917. The reason she permitted the defendant to have sexual intercourse with her was because he promised to marry her. She would not have done so had it not been for such promise. She never had sexual intercourse with any other man. Her baby was born December 26, 1917, and the defendant is its father. Defendant had intercourse with witness three or four times. The first time was at Fort Logan H. Roots; that was when he promised to marry witness.

On cross-examination the prosecutrix was asked: Q. The first intercourse was committed at Fort Logan H. Roots? She replied, "On that hill."

The testimony of the prosecutrix shows that after the first act of intercourse defendant continued to have sexual intercourse with her in February or March up to May, 1917. She was asked, "Where did the intercourse occur?" and answered, "We were coming from town." She was asked, "Was that in North Little Rock, Pulaski County, State of Arkansas?" and answered, "Yes." She also testified that she received a letter from defendant after the acts of sexual intercourse in which he promised to marry her. She had burned the letter.

Witness Effie Wright was about fifteen years old and a sister of the prosecutrix. Effie testified corroborating the testimony of the prosecutrix as to her associations with the defendant. She stated that they were engaged to be married; that she overheard a conversation in February or March in which defendant told the prosecutrix that he loved her better than any other girl and wanted her to be his wife. She testified that she saw the letter which her sister received from the defendant, in which he said that he would marry her. Effie also testified that

next to the last Saturday in March she had a conversation with the defendant as follows: "He asked me how I would like to be his sister-in-law, asked me how much I would take for sister."

Albert Wright, the father of Belle, testified to the frequent associations of defendant with his daughter Belle. Witness had a good opinion of defendant. Defendant took his meals at witness' house. He let his daughter go with defendant. He thought defendant was going to marry her. When he discovered that his daughter was pregnant he asked her who the man was and she told him that defendant was the man. Witness had the defendant arrested.

(1) Appellant contends that there is no evidence to corroborate the prosecutrix as to the alleged promise of marriage, and the alleged act of sexual intercourse, and that therefore there is no evidence to sustain the verdict. In *Lasater* v. *State,* 77 Ark. 468, we held that the testimony of the prosecutrix in a seduction case may be corroborated by circumstances as well as direct evidence. In that case, page 472, we quoted approvingly from the opinion in *Armstrong* v. *People,* 70 N. Y. 43, as follows: "The promise of marriage is not an agreement usually made in the presence or with the knowledge of third persons. Hence the supporting evidence possible in most cases is the subsequent admission or declaration of the party making it; or the circumstances which usually accompany the existence of an engagement of marriage, such as exclusive attention to the female on the part of the male, the seeking and keeping her society in preference to that of others of her own sex, and all those facts of behavior toward her which, before parties to an action were admitted as witnesses in it, were given to the jury as proper matter for their consideration on that issue."

Under the doctrine of the above case the testimony of the prosecutrix was corroborated by both the direct evidence of her sister tending to prove the subsequent admissions and declarations of the defendant of the promise of marriage as shown by his conversation and

also by his letter. The prosecutrix was corroborated as to the promise of marriage and also as to the act of sexual intercourse by the testimony of her sister and father tending to prove the circumstances which usually accompany an engagement of marriage, and the opportunities thus afforded for sexual intercourse.

(2-3)  On the main case several witnesses called on behalf of the State testified that they were acquainted with the general reputation of the prosecutrix in the community where she lived for chastity and morality, and that such reputation was good. The appellant objected to this testimony on the ground that "same was incompetent, irrelevant, immaterial, prejudicial, and an effort on the part of the State to bolster the testimony of the prosecutrix, her reputation for chastity, morality or anything else not having been attacked or assailed."

It was error to permit this testimony to go to the jury at that juncture of the proceedings, because neither the chastity nor the veracity of the prosecutrix had been questioned by the appellant. In the absence of proof to the contrary, the presumption is that prosecutrix was chaste at the time of the alleged act of sexual intercourse under promise of marriage. Therefore, the State was not called upon to affirmatively establish such fact by evidence to that effect before appellant had attempted to prove that she was unchaste. The majority of the court, however, are of the opinion that the obvious purpose of the above testimony was to prove that the prosecutrix was chaste and that since such fact would have been presumed anyway, it was at most only harmless error to permit the State to prove it. The admission of incompetent evidence to prove what the law would otherwise presume, is harmless. *Braddock* v. *Wertheimer*, 68 Ark. 423.

(4)  Furthermore, the majority have reached the conclusion that the language in which the objection was couched constituted only a general objection to the testimony; that in the form presented it was only an objection to testimony tending to prove the general reputation of

the prosecutrix for chastity, morality, etc., and that this was not sufficient to present the specific objection that the court erred in permitting evidence of the good character of the prosecutrix for veracity before her general character as a witness had been assailed. See section 3140, Kirby's Digest. The majority, therefore, conclude that there was no prejudicial error in admitting the above testimony as has been shown.

The writer dissents from the above view, being of the opinion that the language used in making the objection was sufficient to call the attention of the court specifically to the fact that the State was attempting to "bolster the testimony of the prosecutrix." In other words, that the State was introducing evidence of the good character of the prosecuting witness before her general reputation had been impeached, which, under section 3140 of Kirby's Digest, *supra*, can not be done. Furthermore, the writer is of the opinion that, even if the language only presented a general objection, it was sufficient to present the question of the competency and relevancy of the testimony. *Vaughan* v. *State,* 58 Ark. 353-373. The statute itself, *supra,* renders the testimony incompetent.

The important and interesting question as to whether the United States had exclusive jurisdiction over the offense charged against the appellant is ably presented in briefs of counsel for the appellant and also for the State. But the facts as to the venue do not call for a decision on the question of jurisdiction, and we therefore pretermit a discussion of that issue until it is squarely raised by the facts and a decision becomes necessary.

(5)   Venue is an issue to be proved by a preponderance of the evidence. *Douglass* v. *State,* 91 Ark. 492. The testimony tended to prove that the first act of sexual intercourse under promise of marriage was "on that hill," meaning the hill upon which Fort Logan H. Roots is located, that it was in Pulaski County and the State of Arkansas. While the prosecutrix on direct examination testified that the first act of sexual intercourse was at Fort Logan H. Roots, yet on her cross-examination, in

answer to the question, "The first intercourse was committed at Fort Logan H. Roots?" she answered, "On that hill." Taking the testimony of the witness as a whole, the jury were warranted in finding that the first act of sexual intercourse occurred, as already stated, on the hill on which Fort Logan H. Roots is situated in Pulaski County, in the State of Arkansas.

There was no testimony that the identical place on that hill where the first act of sexual intercourse took place was covered by buildings, walls, or that it was within any permanent inclosure belonging to the United States. Therefore, no issue as to the jurisdiction is presented and the venue is established to give the Pulaski County Circuit Court jurisdiction.

A majority is of the opinion that there is no reversible error, and the judgment is, therefore, affirmed.