## WOODARD v. STATE.

### Opinion delivered October 20, 1919.

1. SEDUCTION—CONDITIONAL PROMISE.—In a prosecution for seduction the prosecuting witness testified that defendant "said if anything happened he would marry me." *Held,* the court improperly refused the following instruction: "If you find from the evidence that the defendant had intercourse with the prosecuting witness, and that she was induced to consent to such intercourse by reason of a promise on the part of the defendant that he would marry her 'if anything happened' as a result of such intercourse, you will find defendant not guilty."

2. SAME—SAME—UNCONDITIONAL PROMISE.—If the prayer for instruction set out above had been given, it would be proper for the court to declare the converse of it, viz., that if there was an absolute and unconditional promise of marriage, though appellant also said that he would marry her immediately if she became pregnant, or that if anything got the matter they would marry right away, such conditional promises, or similar ones relating to the time or manner in which the original promise should be discharged, did not render the original promise of marriage a qualified or a conditional one.

Appeal from Johnson Circuit Court; *A. B. Priddy,* Judge; reversed.

*W. E. Atkinson* and *G. O. Patterson,* for appellant.

1. The prosecuting witness was not sufficiently corroborated as to the promise of marriage. Kirby & Castle's Digest, § 2216; 130 Ark. 149; 27 *Id.* 16; 35 Cyc. 1364; 101 Ark. 45; 93 Va. 815; 365 S. W. 366; 15 A. & E. Enc. Pl. & Pr. 246; 9 Ala. 641; 89 Iowa 573; 102 Pa. St. 48; 104 Mo. 644; 46 Tex. Cr. 290; 65 S. W. 475; 63 *Id.* 317; 48 *Id.* 192; 31 *Id.* 366.

2. Mrs. Basham's testimony was incompetent and no corroboration. 101 Ark. 45; 54 Iowa 743; 55 *Id.* 258; 50 *Id.* 317; 86 Ark. 30; 126 *Id.* 98; 77 *Id.* 23; 84 *Id.* 67; 111 Iowa 69; 132 *Id.* 196; 78 Iowa 123; 110 N. Y. 188.

3. There was no proof that Bessie Miller was a single woman. The burden was on the State to prove this and it failed. 35 Cyc. 1345.

4. The promise must be unconditional. A promise conditioned upon pregnancy is not sufficient. 15 Col. App. 220; 114 Pac. 585; 38 S. E. 341; 66 *Id.* 619; 132 S. W. 225; 110 N. W. 380; 15 Ann. Cases, 222; 144 N. Y. 361; 39 N. E. 343; 78 Hun. 509; 29 N. Y. Supp. 542; 30 *Id.* 87; 22 L. R. A. 840; 42 Am. St. 700; 35 Pac. 36; 114 S. W. 841; 119 *Id.* 866; 136 *Id.* 1095; 166 *Id.* 135.

5. It was error to refuse the motion for continuance. 115 Ill. App. 157; 131 Mich. 474.

6. There was error in the instructions given and refused and in permitting the remarks of counsel for the State. 87 Ark. 464.

*John D. Arbuckle,* Attorney General, and *Robert C. Knox,* Assistant, for appellee.

1. The testimony of the prosecutrix was sufficiently corroborated. 40 Ark. 482; 77 *Id.* 468-472; 92 *Id.* 421; 67 *Id.* 416; 73 *Id.* 291.

2. The proof shows she was a single woman. All the circumstances show this. 130 Ark. 149-155.

3. The promise of marriage was unconditional. 113 Ark. 520; 135 *Id.* 221. The instruction asked by defendant was properly refused. 113 Ark. 520; 135 *Id.* 221.

4. The motion for continuance was properly refused, as no diligence was shown to obtain the witness.

SMITH, J. Appellant was convicted under an indictment charging him with the crime of seduction alleged to have been committed by obtaining carnal knowledge of one Bessie Miller by virtue of a false express promise of marriage, and has prosecuted this appeal to review that judgment.

At the time of the commission of the alleged offense he was sixteen years old and Miss Miller was eighteen.

(1) In response to questions somewhat leading in their nature, Miss Miller testified that she yielded to appellant's importunities because she loved him and he had promised to marry her. She stated that they had been engaged for some time but did not marry on account of his youth, but were to marry as soon as his father consented to the marriage. On her cross-examination, however, when asked why she yielded, she said: "Well, he (appellant) said if anything happened he would marry me." Further direct examination of the witness elicited answers which support the contention of the State that the promise was absolute and unconditional; but when the testimony is considered in its entirety it can not be said that no other construction can be given it and the jury might have found that the consent was based upon the promise to marry "if anything happened." Miss Miller testified that the first act of intercourse occurred in March and a baby was born in December following. Appellant denied that he had ever had sexual intercourse with Miss Miller, and also denied that he had ever promised to marry her.

The court gave a general charge correctly declaring the law applicable to the points in issue except that nothing was said about the effect of a conditional promise. Upon that issue appellant asked the following instruction:

"3. If you find from the evidence that the defendant had intercourse with the prosecuting witness and that she was induced to consent to such intercourse by reason of a promise on the part of the defendant that he would marry her if 'anything happened' as a result of such intercourse you will find the defendant not guilty."

In 24 R. C. L., page 765, the law is stated as follows:

"In those jurisdictions where a promise of marriage is by statute essential to criminal seduction the authorities are practically agreed that intercourse procured through a promise to marry the person seduced in case the intercourse results in pregnancy does not amount to criminal seduction."

The footnote to the text quoted cites the annotated case of *State* v. *Caron*, 87 Am. Dec. 401, and *Hamilton* v. *U. S.*, 51 L. R. A. (N. S.), 809, which collect a number of cases on the subject. See, also, *Russell* v. *State*, 15 Ann. Cas. 223.

We have had occasion to consider this question in the following cases: *Taylor* v. *State*, 113 Ark. 520; *Davie* v. *Padgett*, 117 Ark. 544; *Oakes* v. *State*, 135 Ark. 221. The case of *Davie* v. *Padgett, supra,* was not a criminal prosecution for seduction but was an action for damages for breach of promise to marry.

In the case of *Taylor* v. *State,* 113 Ark. 520, the prosecutrix testified that the reason she let the defendant have intercourse with her was that they were going to marry and he said if anything got the matter with her they would marry right away. An instruction was asked in that case somewhat similar to the one set out above, but we held it was not error to refuse it because "it ignored the testimony tending to show that the sexual intercourse was obtained by an absolute promise on the part of appellant to marry the prosecutrix but to be consummated 'right away' in the event of pregnancy." In the opinion, however, we said:

"If a woman consents to the act of sexual intercourse upon a promise of the man to marry her only in the event that pregnancy results from it, then the promise is based upon a condition that might not arise. Where a woman yields to sexual embraces upon such promise she is not sacrificing her virtue alone because of a desire to marry the man to whom she yields, but, in such case, she is indulging her lustful passion and is resting upon the promise of marriage only for protection and assistance when her disgrace shall have been discovered."

Substantially the same question was raised in the case of *Oakes* v. *State, supra,* and we disposed of the question there on the authority of the cases of *Davie* v. *Padgett,* and *Taylor* v. *State, supra,* by saying that the testimony did not present the issue that the intercourse was based on a conditional promise of marriage.

(2) We think, however, that the testimony in the present case does not present the issue whether the promise was an absolute or a conditional one, and that the instruction should have been given. Of course, it would have been proper, had the court given that instruction, to declare the converse of it and to have told the jury that if there was an absolute and unconditional promise of marriage, the fact that appellant also said that he would marry her immediately if she became pregnant (as was said in the case of *Oakes* v. *State, supra*), or that if anything got the matter, they would marry right away (as was said in the case of *Taylor* v. *State, supra*), such conditional promises or similar ones relating to the time or manner in which the original promise should be discharged did not render the original promise of marriage a qualified or a conditional one.

Other assignments of error are discussed, but as they relate chiefly to matters which may not arise upon a trial anew we do not discuss them here.

For the error indicated the judgment will be reversed and the cause remanded.