Estes *v.* State.

Opinion delivered December 16, 1929.

*Wm. U. McCabe,* for appellant.

*Hal L. Norwood,* Attorney General, and *Robert F. Smith,* Assistant, for appellee.

SMITH, J. Appellant was convicted upon his trial under an indictment which charged him with having stolen certain cattle, the property of James Minge, and for the reversal of the judgment has argued the following assignments of error:

That the State failed to prove the venue. But witnesses for the State testified that appellant came "here" (Baxter County, where the venue was laid in the indictment) with Earnest McCorkle from Wichita, Kansas, in a truck in which the cattle were later transported to Springfield, Missouri, and was seen by other witnesses in the truck in that county with McCorkle, and the testimony of the latter establishes the venue. More-

over, Minge testified that the stolen cattle ran on the range between two bayous in Baxter County.

According to the testimony of McCorkle, he and appellant and Bill Estes, a brother of appellant, stole the cattle, and sold them, and divided the proceeds of the sale into three equal parts, and it is insisted there is no testimony connecting appellant with the commission of the crime except that of McCorkle, and that there was no sufficient corroboration of that testimony to sustain the conviction. The testimony shows, as has been said, that appellant came with McCorkle into the county in a truck in which the cattle were later transported, and was seen in the truck with McCorkle shortly before the cattle disappeared, and also directly after McCorkle and Bill Estes returned. Huston Moss testified that he was called as a mechanic to repair the truck at Bill Estes' home a day or two before the cattle were carried away, and that appellant was present at the time, and very nervous, so much so that witness' attention was attracted by that fact, and that appellant inquired every time any one passed who the passer-by was. · It is undisputed also that McCorkle sold the cattle in Springfield, and collected the check which was given in payment for them.

It is insisted that the ownership of the cattle was not proved. But Minge testified that he saw them in the pens after they had been sold at Springfield, and identified them as his property.

It is insisted that the court erred in excluding the testimony of Ethel Estes, a niece of appellant, but no objection appears to have been made or exception saved to this ruling of the court. This witness was called by the prosecuting attorney, and the attempt was made to show that she saw McCorkle give appellant some money in bills, and, when she denied that she had seen this, or had stated that she had, the prosecuting attorney exhibited to her the minutes of the grand jury, which he asked her to read, and to state if she had not given such testimony before the grand jury. She then denied that she

had stated before the grand jury that she had seen Mc-
Corkle give appellant any money. The prosecuting at-
torney then asked that he be allowed to cross-examine
the witness, and the court stated that this was what he
had been doing. The prosecuting attorney asked that
the witness be held for perjury, and counsel for appel-
lant objected to the statement, whereupon the court said:
"The objection will be sustained, and the jury is in-
structed that the statement by counsel will not be con-
sidered by you, and the testimony of this witness will not
be considered by you in any way in arriving at your ver-
dict." The witness was then excused, and no objection
was made to the ruling of the court, which was obviously
intended as a ruling favorable to appellant, the clear im-
plication being that, in the court's opinion, no testimony
had been given by the witness which was adverse to ap-
pellant, and no request was made that her statement that
she had not seen McCorkle give appellant money be al-
lowed to remain in the record. *Brown* v. *State,* 168 Ark.
433, 270 S. W. 537.

Objection was made to a certain argument of the
prosecuting attorney; but, when the objection was made,
the court admonished the jury as follows: "Any state-
ments made by counsel is not evidence in the case, and in
this case you will not be governed by any statement of
counsel not based on the evidence. When you retire to
consider of your verdict, you will base your verdict on the
testimony of the witnesses as given from the witness
stand and upon the law as given you by the court, and
upon that, and that alone. What counsel say in the case
is not evidence, and you will not so consider it."

If the argument was improper—which we do not de-
cide—this admonition sufficed to remove any prejudice
which might otherwise have resulted from it.

A motion for a continuance was filed to obtain the
presence and testimony of witnesses which would tend to
establish the defense of an alibi which appellant inter-
posed. The substance of the testimony of these wit-

660

nesses was set out, and, while its materiality may be conceded, the motion did not recite, as the statute requires (§§ 1270 and 3130, C. & M. Digest), that the appellant believed this testimony to be true. There was therefore no error in overruling it, as it did not conform to the statute. Other witnesses gave testimony which, had it been accepted as true by the jury, would have established the defense of an alibi, but the truth of this testimony was, of course, a question for the jury, and was evidently disregarded, and not accepted as true.

Upon a consideration of the record in its entirety no error appears, and the judgment must be affirmed. It is so ordered.