WILKERSON v. STATE.

4394                                    189 S. W. 2d 800.

Opinion delivered October 15, 1945.

Rehearing denied November 12, 1945.

*J. Bruce Streett* and *James E. Dodds,* for appellant.

*Guy E. Williams,* Attorney General, and *Oscar E. Ellis,* Assistant Attorney General, for appellee.

MILLWEE, J. Appellant was convicted of robbery and his punishment assessed by a jury at five years' imprisonment in the penitentiary. For a reversal of the judgment imposing the punishment fixed by the jury, this appeal is prosecuted.

It is first insisted that the evidence is insufficient to justify conviction. When viewed in the light most favorable to the State, the evidence reflects the following facts: Emerson Driskill, the victim of the alleged robbery, testified that he was employed at the ordnance plant near Camden, and went to town on the afternoon of February 9, 1945, to cash his weekly pay check. There he met Jack Albright who was also employed at the plant, and at the latter's suggestion they took a taxicab to the Crickett Club with two other men. At Albright's suggestion, Driskill put two $20 bills in his watch pocket and a $10 bill in his pocketbook. When they arrived at the club, Albright tried to persuade witness to let him take care of the two $20 bills, but Driskill refused. Driskill saw Albright talking with appellant at the club. They remained at the club about an hour and drank some beer. Albright told witness that he knew appellant and that appellant would take them back to their barracks.

Driskill, Albright, and appellant left the club in appellant's Buick automobile. Appellant drove the car two or three miles south of the club and on a dirt road where appellant stopped the car about a half mile from the highway. Albright told Driskill to get out of the car. It was dark and as Driskill stepped out of the car something struck him from his right. Witness was not positive that appellant hit him, but the blow came from his right and appellant was at his right, while Albright was standing in front of him. He became unconscious from the blow and awoke about six o'clock the next morning in some tall grass near the place where he was struck. His head and back were badly bruised and his money was gone. He caught a truck to Camden and notified the sheriff.

R. E. Brown, a member of the State Police, testified that he and a deputy sheriff of Pulaski county arrested appellant at his home in Little Rock on February 10th. They placed appellant in jail that night and upon questioning, he denied that he knew Jack Albright or had any knowledge of the alleged robbery. Witness took appellant to Camden the next day and met Officer Buchanan north of Fordyce. A few miles out of Camden appellant told them he hit Driskill with a beer bottle and his fist and received some of the money. After they arrived at Camden, appellant freely and voluntarily signed a written statement which was introduced in evidence.

In this statement, appellant said he drove to the Cricket Club in his Buick automobile where he drank some beer and met Jack Albright, whom he had known in North Little Rock. Albright asked appellant if he had an automobile, and when he replied in the affirmative, Albright wanted appellant to take him to get some whiskey and pointed to Driskill and said Driskill had some money and intimated he (Albright) wanted to get it. Appellant told Albright he "couldn't do that," but after further insistence agreed to go, knowing that Driskill was to accompany them, but not knowing that Albright intended to take Driskill's money. He drove the car a few miles south and they stopped at another night

club, where they bought three bottles of beer which they took along. They drove further south and turned off at a crossroad and stopped, at Albright's suggestion. Appellant went to the rear of the car and the other two men walked around there.

The statement continues: "I still had my bottle of beer, which was nearly empty, and as the other two walked up Albright said 'Hit 'em.' I didn't understand and asked him what he meant, whereupon Albright told me he wanted to take Driskill's money. I then hit Driskill with the beer bottle in my hand. Driskill did not fall then and Albright fumbled at his pockets trying to find the money and tried to get Driskill to tell him where the money was. I was scared by this time and I hit Driskill with my right fist and did knock him down then. I did not hit Driskill any more and I do not know if Albright hit him. After hitting Driskill with my fist, as above related, I walked off. I saw Albright fumbling in Driskill's pockets after he was knocked to the ground. Albright told me he got some money from Driskill, I do not know how much, and offered to give me some of it, but I refused it. I never have received any part of Driskill's money. After Driskill fell and was searched by Albright we left Driskill laying on the ground and I drove back to the Crickett Club with Albright."

J. H. Porterfield, a member of the State Police, testified that he visited the scene of the alleged robbery on the morning of February 10th, and found a broken beer bottle, blood, and evidence of a struggle in the road.

It is argued that it is incumbent on the State to prove, beyond a reasonable doubt, that appellant "did take, steal, and carry away $48," as alleged in the information, and that there is no proof that appellant obtained any of the money. Officer Brown testified that appellant said he got part of the money, while this is denied in the written confession. However, proof of actual receipt of money by appellant is not necessary to a conviction, if appellant was present, aiding and assisting another in the perpetration of the crime. Section 2937 of Pope's Digest provides: "All persons being present, aiding and abet-

ting, or ready and consenting to aid and abet, in any felony, shall be deemed principal offenders, and indicted and punished as such." And under § 3276 of Pope's Digest (§ 25 of Initiated Act No. 3 of 1936) (Acts 1937 p. 1384) the former distinction between principals and accessories was abolished and all accessories before the fact are deemed principal offenders. *Burns* v. *State,* 197 Ark. 918, 125 S. W. 2d 463; *London* v. *State,* 204 Ark. 767, 164 S. W. 2d 988. In 46 Am. Jur. 150 the author says: "Generally, all who are present at the commission of a robbery, rendering it countenance and encouragement, and ready to assist should the necessity arise, are liable as principal actors. To be liable, the accused need not have taken any money from the victim with his own hands, or actually participated in any other act of force or violence, it is sufficient that he came and went with the robbers, was present when the robbery was committed, and acquiesced therein."

Beating one into unconsciousness for the purpose of enabling another to take his money, is certainly rendering material aid and assistance in the commission of a robbery. This, the jury may have found, appellant did from the evidence which was substantial and sufficient to support the verdict and judgment.

It is next urged that the trial court erred in refusing a continuance of the case because of the absence of the witness, Darrell Randall. This motion was made orally, after defendant had announced ready for trial, and near the conclusion of the State's testimony. Both the State and the defendant had requested a subpoena for the witness. Counsel for the defendant had furnished the officers an address in Little Rock where he understood the witness was employed. In attempting to serve this subpoena an officer called this place and was informed by the person in charge that Randall had left there two weeks previously and this person did not know his address. At the conclusion of all of the evidence, appellant renewed his oral motion, stating that if the witness were present he would testify that when appellant and Albright returned to the Crickett Club there was no blood

on appellant, but there was on Albright. There was no abuse of the trial court's broad discretion in refusing to grant the continuance. Due diligence should have prompted appellant to ascertain whether his witnesses had been served with process, or were present, before he announced ready for trial. The oral motion did not comply with the provisions of § 1494, Pope's Digest, which prescribes the requisites of a motion to postpone a trial on account of the absence of evidence. It is not error for the trial court to deny a motion for continuance where the motion fails to set forth the grounds specified in the statute. *Myers v. State,* 185 Ark. 892, 50 S. W. 2d 234.

It is next contended that the court erred in refusing to instruct the jury that it must find, beyond a reasonable doubt, that appellant actually took the money, since it was so alleged in the information. No request for instructions was made by either side. Appellant objected to that part of the court's charge which in effect told the jury, if they found from the evidence beyond a reasonable doubt that appellant was present, aiding, abetting and assisting another in the perpetration of a robbery, he would be guilty, regardless of which of the two parties received the money. What we have said in connection with the first assignment of error, regarding the abolition of the former distinction between principals and accessories, is applicable here. This part of the court's charge is not subject to the objection made by appellant, and the trial court fully and fairly presented the issues to the jury in the instructions given.

It is finally insisted that the sentence of five years is grossly excessive. The statute (§ 3036, Pope's Digest) fixes the penalty for robbery at not less than three nor more than twenty-one years. This court has reduced sentences in instances where extreme penalties assessed are not supported by the evidence, or where the punishment prescribed is clearly the result of passion or prejudice. *Hadley v. State,* 196 Ark. 307, 117 S. W. 2d 352. Unless there is an abuse of discretion by the trial court or jury in fixing the punishment within limits specified

in the statute, the verdict and judgment will not be disturbed by this court on appeal. A careful appraisal of the evidence fails to disclose an abuse of discretion such as would justify a reduction of the sentence fixed by the jury and imposed by the court.

Finding no error, the judgment is affirmed.